Paine v. The First Division of the St. Paul and Pacific R. R. Co. et al.

Parker Paine, Administrator,

*vs.*

The First Division of the St. Paul & Pacific Railroad Company et al.

An executor or administrator has no right to bring an action to remove a cloud from the real estate of the decedent before having obtained a license from the Probate Court to sell.

Whether he has authority to bring that action after such license, *quære.*

This action was brought by Parker Paine as administrator of the estate of Lyman Dayton, deceased. The complaint alleges, in substance, that said Dayton died seized of the title to certain real estate described in a bond, (which is set out at length in the complaint) executed by said Dayton, for the conveyance thereof, upon certain conditions therein named; that such conditions had not been complied with; that the defendants claim some right or interest in said real estate under and by virtue of said bond; that it is necessary to sell the real estate belonging to the estate of said Dayton to pay his debts; that the existence of said bond of record is a cloud upon the title of the real estate therein described, and prevents a sale of the same at its real value. The plaintiff prays for the removal of the cloud by a decree declaring the bond void, &c. The defendants demurred to the complaint, and their demurrer was overruled. They appeal from the order overruling the same to this Court.

H. R. Bigelow and Masterson & Simons for Appellants.

SMITH & GILMAN for Respondent.

*By the Court*—WILSON, CH. J.—*Sections 5 and 6 of Chapter 52 of the Revised Statutes* are in these words:

"Sec. 5. The personal estate of the deceased, which comes into the hands of the executor or administrator, is first chargeable with the payment of the debts and expenses; and if the goods, chattels, rights and credits, in the hands of the executor or administrator, are not sufficient to pay the debts of the deceased, and the expenses of administration, the whole of his real estate, except the widow's dower, or so much thereof as may be necessary, may be sold for that purpose by the executor or administrator, after obtaining license therefor, in the manner provided by law."

"Sec. 6. The executor or administrator has a right to the possession of all the real, as well as personal estate, of the deceased, and may receive the rents, issues and profits of the real estate, until the estate is settled, or until delivered over, by order of the Probate Court, to the heirs or devisees; and he shall keep in good tenantable repair all houses, buildings and fences thereon, which are under his control."

These provisions of statute, we think, confer a right on the personal representative which he may perhaps exercise in all cases, but is not bound to exercise unless the real estate, or the rents and profits may be needed in settlement of the estate. And the right of possession is in the heir, until the executor or administrator takes possession, or otherwise claims his right under the statute. See *Streeter vs. Parton*, 7 *Mich.* 350-1; *Marvin vs. Schilling*, 12 *ib.* 360-1.

The plaintiff failing to show himself in possession of the real estate, or that he had obtained a license from the Probate Court to sell, does not show, we think, that he has a

right to maintain this action.   The Probate Court has exclusive original jurisdiction to grant license to sell the real estate, and to determine whether a sale is necessary or proper, and the allegation in the complaint of the necessity of such sale is immaterial, the District Court or this Court having no right to adjudicate that question.

Whether after the Probate Court had granted a license to sell, the personal representative might maintain an action to remove a cloud from the title would seem doubtful, but this we do not determine.   See cases above cited.   *Smith, administrator, vs. McConnell,* 17 *Ill.,* 135 ;   *Gen. Stat. Sec.* 13, *page* 391.

