CHAPMAN ET AL. *v.* JONES ET AL.

[No. 18,175.   Filed Oct. 28, 1897.   Rehearing denied Feb. 4, 1898.]

PRACTICE.—*Withdrawal of Paragraph of Complaint by Court.*—The withdrawal of a paragraph of complaint by the court is equivalent to a dismissal thereof, and no one but the plaintiff can complain of such action.  *p. 435.*

SAME.—*Harmless Error.*— Where the court withdrew a paragraph of complaint; a former ruling on a demurrer thereto although erroneous was rendered immaterial and harmless.  *p. 435.*

QUIETING TITLE.—*Complaint Must Show Title in Plaintiff.*—A complaint to quiet title to real estate is bad on demurrer for want of sufficient facts to constitute a cause of action, if the facts stated therein fail to show title in the plaintiff.  *p. 436.*

SAME.—*Parties.—Statutes Construed.*—Section 1086, Burns' R. S. 1894 (1073, R. S. 1881), authorizing any person having a right to recover the possession of real estate, or to quiet title thereto, which is in the name of another person, to prosecute either action in his own name must be construed with section 251, Burns' R. S. 1894 (251, R. S. 1881), which requires all actions to be prosecuted in the name of the real party in interest.  *pp. 437, 438.*

APPEAL.—*Reversal.—Technical Defects.*—Overruling a demurrer to a bad complaint affects the substantial rights of the defendant to such action and in such case the trial cannot have a just determination, except the determination be for the defendant, and the Supreme Court will not refuse to reverse such ruling on account of the provision of section 401, Burns' R. S. 1894 (398, R. S. 1881), to the effect that the Supreme Court shall not reverse any judgment for any error which does not affect the substantial rights of the adverse party.  *p. 439.*

SAME.—*Rehearing.—Questions Presented for First Time.*—The Supreme Court is not bound to consider questions presented for the first time in a petition or brief for a rehearing.  *p. 440.*

PLEADING.—*Supplemental Complaint.*—A supplemental complaint is not an amendment to the complaint, and its office is not to supply omissions or defects in the original complaint, but to bring up mat-

ters proper for litigation in such action that have occurred since the commencement of the action.  *p. 440.*

PLEADING.—*Amended Complaint.*—*Supplemental Complaint.*—Facts existing at the time of filing the original complaint must be brought into the case by an amended complaint and not by a supplemental complaint.  *p. 442.*

From the Tipton Circuit Court.   *Reversed.*

*Perry Behymer* and *W. R. Oglebay,* for appellants.

*G. H. Gifford* and *J. R. Coleman,* for appellees.

McCABE, C. J.—The appellee Jones sued the appellants in a complaint in two paragraphs, the first to set aside a sheriff's sale of certain described real estate in said Tipton county, and the second to quiet the title to the same real estate.   The first trial of the issues formed resulted in a general finding for the plaintiff on the second paragraph of the complaint; the first paragraph having been withdrawn by the court after the evidence was heard, and before the finding was announced.   A new trial having been granted as of right, under the statute, appellee Ezra N. Todd, on his application, was made a party plaintiff along with appellee Jones.   The issues were again tried by the court, resulting in a general finding for the plaintiffs, upon which the court accordingly rendered judgment.

Error is assigned upon the action of the trial court in overruling a demurrer to each of the first and second paragraphs of the complaint, in withdrawing the first paragraph, and in overruling appellant's motion for a new trial.   The action of the court in withdrawing the first paragraph could not harm the defendants, the appellants here.   Such action was tantamount to the dismissal of the paragraph, and no one but the plaintiffs could complain of that.   The withdrawal of the paragraph rendered the ruling on the demurrer thereto immaterial and harmless, even if erroneous. *Stout* v. *Duncan,* 87 Ind. 383.

The ruling upon the demurrer to the second paragraph was clearly wrong. As before observed, it was a complaint to quiet title to real estate. The plaintiffs in that paragraph are Levi Jones and Ezra N. Todd. It states, in substance, that Aaron Swoveland and Robert Kinney are the owners in fee simple of the land in controversy, describing it, being a lot in the city of Windfall, Indiana; that the plaintiff conveyed said land to Ezra N. Todd by a warranty deed; that said Todd has conveyed said land, by warranty deed, one-half to Aaron Swoveland, and the other half to Robert C. Kinney; that the defendants are claiming some right or interest in, to, or against said land, which they claim to be paramount to the title conveyed by this plaintiff. It thus appears that neither of the plaintiffs have any interest or title in the land whatever. It is thoroughly settled in this State that a complaint to quiet title will be bad on demurrer for want of sufficient facts to constitute a cause of action, if the facts stated therein fail to show title in the plaintiff. *Keepfer* v. *Force* 86 Ind. 81; *Darkies* v. *Bellows*, 94 Ind. 64; *Indiana, etc., R. W. Co.* v. *Brittingham*, 98 Ind. 294; *McPheeters* v. *Wright*, 110 Ind. 519; *Locke* v. *Catlett*, 96 Ind. 291; *Ragsdale* v. *Mitchell*, 97 Ind. 458; *Spencer* v. *McGonagle*, 107 Ind. 410.

It is conceded by the appellees that ordinarily a complaint to quiet title must state that the plaintiff is the owner, or state facts sufficient to show title in the plaintiff. But in this case it is contended by appellees' learned counsel that the interest of the plaintiffs, as grantors by warranty deed, first from Jones to Todd, and then from Todd to Swoveland and Kinney, affords grounds sufficient to give them a standing in court as plaintiffs; that is, the fact that they have both executed warranty deeds attempting to vest the title

to the real estate in Swoveland and Kinney gives the plaintiffs a direct interest in making good their respective warranties by quieting the title of their grantees. That, however, would be in direct conflict with the above mentioned established rule, that a complaint to quiet title, in order to be good, must show title in the plaintiff.

But appellees' learned counsel contend that where an action of ejectment is brought, the defendant may notify his grantor, where the grant is by warranty deed, to come in and defend the title which he has warranted, and that upon such notice, or upon his own application, he may be admitted to defend. And that on the service of such a notice, whether the grantor defends or not, the judgment, if it be in favor of the plaintiff, will be conclusive upon such grantor that such successful plaintiff's title was paramount to such grantor's title. Conceding, without deciding, that such is the law, yet it would not follow that such grantor by warranty deed could prosecute a suit against one who might seize the possession of the land granted by him to another by warranty deed, for the purpose of protecting his waranty, or for any other purpose. To permit such a suit to be maintained would violate a fundamental principle of our code, requiring every action to be prosecuted in the name of the real party in interest. Section 251, Burns' R. S. 1894 (251, R. S. 1881). So strong is this rule that notwithstanding section 1086, Burns' R. S. 1894 (1073, R. S. 1881), authorizing any person having a right to recover the possession of real estate, or to quiet title thereto, in the name of another person or persons, to prosecute either action in his own name, it has been held that it must be construed along with section 251, *supra,* so that, under the two sections, no such action can be brought in any other than the name of the real party in interest. *Peck*

v. *Sims,* 120 Ind. 345. Prior to the enactment of section 1086 (1073), *supra,* if lands were conveyed while in the adverse possession of a third person, a suit for possession could be prosecuted in the name of the grantor for the use of the grantee. *Steeple* v. *Downing,* 60 Ind. 478; *Burk* v. *Andis,* 98 Ind. 59. But that can no longer be done, under the two sections of the code. The action now must be brought in the name of the real party in interest, under the operation of the two sections, with unimportant exceptions mentioned in section 251, *supra.*

The conclusion seems irresistible that the second paragraph of the complaint does not state facts sufficient to constitute a cause of action to quiet title, for the reason that it shows that the plaintiffs have no title to the land. We have no means of knowing that the owners desire to have their title quieted, even if the plaintiffs could lawfully prosecute the action. It would certainly be a strange proposition that important rights of theirs could be involved in litigation without their knowledge or consent, and stranger still that they should be bound by such a judgment, a judgment to which they are not parties, but strangers. If such a judgment would be binding on them, then it would have been equally so if it had adjudged that they had no title. If such a result under the law is possible, then the old legal maxim that every person must have his day in court before he can be bound by the judgment, is overturned and done away with. And, if the judgment is not to be binding on them, then it is not binding on anybody, because the title to the real estate is the thing that constituted the subject of the litigation, the thing sought to be affected. If the judgment cannot be binding on them, then the title to the real estate is not affected by the judgment. Clearly, the complaint, to be good to quiet title, must show title in the plaintiffs.

Counsel for appellees, conceding the complaint to be technically bad, say that a fair and complete trial of the merits of the cause has been had, and a just determination of the rights of the parties resulted, and that the cause ought not to be reversed for such defect. The difficulty with this proposition is that a cause can have no merits where there is no complaint, or where the complaint, as here, does not state facts sufficient to constitute a cause of action, which, on demurrer, is the same thing as no complaint; and in such a case the trial cannot have a just determination, except that determination be for the defendant. The statute provides that this court shall not reverse any judgment for any error which does not affect the substantial rights of the adverse party. Section 401, Burns' R. S. 1894 (398, R. S. 1881). But overruling a demurrer to a bad complaint does affect the substantial rights of the adverse party. It compels him to defend where there is no cause of action stated against him in the complaint, and subjects him to a judgment without a cause of action. Another section provides that no judgment shall be reversed, among other things, where it shall appear to this court that the merits of a cause have been fairly tried and determined in the court below. Section 670, Burns' R. S. 1894 (658, R. S. 1881). But it does not so appear in this court. On the contrary, it appears that the only cause stated in the complaint has no merits whatever, for want of facts sufficient to constitute a cause of action. The court erred in overruling the defendants' demurrer to the second paragraph of the complaint.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to the second paragraph of complaint.

Chapman *et al.* *v.* Jones *et al.*

## On Petition for Rehearing.

McCabe, J.—Counsel for appellees ask for a rehearing on one ground only, and that is that, after the demurrer to the complaint was overruled, the complaint was amended, and the appellee Todd was made a co-party plaintiff with Jones, and thereafter there was no demurrer filed to the complaint. It would be an all sufficient reason to refuse to consider the question thus raised that it was not raised by appellees in their argument prior to the filing of their petition for a rehearing. The rule is well established that this court is not bound to consider questions presented for the first time in a petition or brief for a rehearing.

But counsel are in error in saying that the complaint was amended after the demurrer to it was overruled. The paper filed was a "supplemental complaint," so called at the time and so called by counsel on this petition. After appellee Todd had been made a party plaintiff, the pleading called a "supplemental complaint" was filed, showing that since the commencement of the action he had purchased the real estate in controversy, and had sold part of it to another, one Kinney, not a party to the suit.

A supplemental complaint is not an amendment to the complaint, but its office is to bring forward a matter proper to be litigated, along with the matters contained in the original complaint that has occurred since the commencement of the action, and it assumes that the original complaint is to stand as it originally stood. *Kimble* v. *Seal*, 92 Ind. 276; *Davis* v. *Krug*, 95 Ind. 1; *Pouder* v. *Tate*, 132 Ind. 327; *Simmons* v. *Lindley*, 108 Ind. 297; *Farris* v. *Jones*, 112 Ind. 498. The office of a supplemental complaint is not to supply omissions or defects in the original complaint, but to bring upon the record matter arising after the commencement of the suit. *Dillman* v. *Dillman*, 90 Ind. 585.

The precise question here presented by appellees' petition for a rehearing was decided adversely to them in *Simmons* v. *Lindley, supra,* in the following language, beginning on page 299: "The original complaint sought to recover the possession of real estate, and it contained no averment of the fact, if it were a fact, that Martha A. Woods, the plaintiff therein, was entitled to possession of the real estate, at the time she commenced her suit. For the want of such an averment, it is clear that the original complaint herein did not state facts sufficient to constitute a cause of action, and that the demurrer thereto ought to have been sustained. [Citing authority.]

"But can this error of the court, for such it was, be made available by the appellant for the reversal of the judgment below? As we have seen, after the death of the original plaintiff, Martha A. Woods, the appellees, as her heirs and devisees, appeared and filed what they called 'a supplemental complaint herein.' We have said that the appellant had failed to challenge the sufficiency of this so-called supplemental complaint, by a demurrer thereto for the want of facts; but the reason for this failure may have been that, in *Derry* v. *Derry,* 98 Ind. 319, it was held by this court that a demurrer to a supplemental complaint is unwarranted, and presents no question. In section 399, R. S. 1881, which is a literal reenactment of section 102 of the civil code of 1852, provision is made for filing 'supplemental pleadings, showing facts which occurred after the former pleadings were filed.'

"In *Musselman* v. *Manly,* 42 Ind. 462, after quoting such section 102 of the civil code of 1852, then in force, the court said: 'A supplemental complaint is not, like an amended complaint, a substitute for the original complaint, by which the former complaint is superseded; but it is a further complaint and assumes that the original complaint is to stand.'

"A supplemental complaint must show facts which occurred after the filing, of the original complaint. If the original complaint is bad, and at the time it was filed, there were facts then existing which, if they had been properly pleaded, would have made such complaint sufficient to stand without a demurrer for the want of facts, it is settled by our decisions that such existing facts can only be brought into the case by an amended complaint, and never by a supplemental complaint. *Patten* v. *Stewart*, 24 Ind. 332; *Musselman* v. *Manly, supra; Morey* v. *Ball*, 90 Ind. 450; *Dillman* v. *Dillman*, 90 Ind. 585; *Davis* v. *Krug*, 95 Ind. 1; *Derry* v. *Derry, supra.*

"In the case under consideration, the appellees did not attempt to supply the material omitted averment in the original complaint, by their supplemental complaint. It is true they alleged, that they were entitled to possession of the real estate in controversy; but it does not follow from this averment, by any means, that the original plaintiff, Martha A. Woods, was shown to have been, or was in fact, entitled to the possession of such real estate, at the time she commenced this suit. We are constrained, therefore, to hold that the error of the trial court, in overruling the appellant's demurrer to the original complaint, is fatal to the appellee's case as they have presented it, and, for that reason, is available to the appellant for the reversal of the judgment below."

This holding then is, that if there were facts existing, at the time the original complaint was filed, which if properly pleaded would have made such original complaint sufficient to withstand a demurrer for want of facts, that such existing facts can only be brought into the case by an amended complaint, and never by a supplemental complaint.

But it was held that, even if such facts might be

brought in by a supplemental complaint, the facts in the supplemental complaint did not supply the omission. The same is true here. The supplemental complaint here fails to show that the original plaintiff Jones, who still remains a plaintiff in the case, had any title or interest in the land in which it was sought by him to quiet title.

Petition overruled.