## Baxter *v.* Baxter.

[No. 7,204.    Filed November 3, 1910.    Mandate modified November 23, 1910.]

1. APPEAL.—*Joint Demurrers.—Several Exceptions.*—Where defendant's joint and several demurrer to plaintiff's complaint in two paragraphs was overruled and the exception taken was in form, "to which ruling of the court the defendant excepts," the sufficiency of each paragraph can be questioned on appeal.    p. 516.

2. QUIETING TITLE.—*Adverse Claim.—Complaint.*—A complaint to quiet title, alleging that defendant "is claiming some interest in and title to said real estate, which is unfounded and without right, and constitutes a cloud upon plaintiff's title," sufficiently shows that defendant's claim was adverse to that of plaintiff.    p. 516.

3. QUIETING TITLE.—*Ownership.—Complaint.*—A complaint to quiet title must show that the plaintiff is the owner of the interest sought to be quieted.    p. 518.

4. QUIETING TITLE.—*Ownership.—Void Deed.—Demand of Reconveyance.—Complaint.*—A complaint alleging that on a certain date plaintiff was eighty-three years old and was the owner of the land in question, that on such day defendant threatened to do him bodily injury if he did not execute a deed for such land, that, without any consideration, he executed a deed to defendant who had it recorded, and praying that his title be quieted, sufficiently shows that the plaintiff is the owner, no demand for a reconveyance being necessary.    p. 518.

5. PLEADING. — *Cross-Complaint. — Amendment. — Discretion of Court.*—A motion to amend a cross-complaint, made after the reception of the evidence and before the closing argument to the jury, is addressed to the sound discretion of the trial court whose decision is final except in case of abuse.    p. 519.

6. QUIETING TITLE.—*Pleading.—Cross-Complaint.—Amendment.—Appeal.*—A motion made after the evidence was introduced, to amend the cross-complaint, which sought to quiet title to a half interest in the real estate in question, by showing that cross-complainant agreed to assume the payment of one-half the existing mortgage thereon, so far as the Appellate Court can determine, may have been properly overruled, where the evidence is not in the record, and there was no attempt to reform the deed.    p. 519.

7. TRIAL.—*Verdict.—Interrogatories.—Conflict.*—The general verdict prevails, where the answers to the interrogatories are not in irreconcilable conflict therewith.    p. 520.

8. QUIETING TITLE.—*Interrogatories.—Demand for Reconveyance. —Division of Proceeds.*—In a suit to quiet title, answers to interrogatories to the jury that the plaintiff never demanded a reconveyance of the land in question, that he joined with defendant in renting the land and in sharing the rentals, and that he never rescinded the contract under which the deed was executed, do not control the general verdict for plaintiff. p. 520.

9. QUIETING TITLE.—*Right of Jury Trial.*—A jury trial is demandable in a suit merely to quiet title. p. 520.

10. APPEAL.—*Refusal of Instructions.—Omission of Evidence.— Presumptions.*—Where the evidence is not in the record, refused instructions are presumed to have been inapplicable thereto. p. 521.

11. QUIETING TITLE.—*Void Deed.—Demand for Reconveyance.— Instructions.*—In a suit to quiet title, the plaintiff's complaint setting out a deed from him but showing it to be void, an instruction requested, that a demand for a reconveyance was a condition precedent to plaintiff's recovery, was properly refused. p. 521.

12. TRIAL.—*Instructions.—Modified.*—Instructions tendered by a party, but modified by the judge, must be considered as given by the court, and as refused to the party tendering them. p. 521.

13. QUIETING TITLE.—*Consideration of Evidence.—Instructions.— Modifications.*—In a suit to quiet title, the complaint showing an invalid deed from the plaintiff, instructions setting out the evidence as to the immediate execution of the deed, are properly modified so as to direct the jury to consider "all other evidence bearing on the subject." p. 521.

14. QUIETING TITLE.—*Contracts of Sale.—Possession.—Payment of Consideration.—Support.—Statute of Frauds.*—Instructions, in a suit to quiet title, that if the defendant orally agreed to convey land to the plaintiff in consideration of care and support, that if defendant cared for, and supported plaintiff and took possession of the land under the contract, such contract would be enforceable, are not erroneous because of the element of taking possession, mere payment of purchase price being insufficient to take the contract out of the operation of the statute of frauds. p. 522.

15. TRIAL.—*Instructions.—Modifying.—Failure to Rewrite.—Statutes.—Waiver.*—Where the judge modifies an instruction but fails to rewrite it, as required by §561 Burns 1908, Acts 1907 p. 652, and the complaining party fails to object thereto until after the reading thereof to the jury, the error is waived. p. 523.

16. JUDGMENT.—*Surplusage.—Quieting Title.*—In a suit to quiet title, a decree quieting title, and in addition, giving plaintiff possession of the land, personal property thereon and income therefrom, is erroneous, possession being without the issues. p. 524.

17. APPEAL.—*Reversal.—Mandate.*—Where a decree is erroneous in part, an affirmance may be ordered on condition that appellee

shall file a waiver and release of any claim under the erroneous
part thereof. p. 524.

18. APPEAL.—*Mandate.—Affirmance.—Conditions.*—Where a judgment has been affirmed upon condition, and appellee has fulfilled
the condition, the affirmance will be made absolute. p. 525.

From Allen Circuit Court; *E. O'Rourke*, Judge.

Suit by James Baxter against William H. Baxter. From
a decree for plaintiff, defendant appeals. *Affirmed.*

*James M. Robinson, Martin H. Luecke, Walpole G. Colerick* and *Guy Colerick*, for appellant.
*Homer C. Underwood* and *Elmer Leonard*, for appellee.

MYERS, J.—Appellee brought this suit against appellant
to quiet his title to certain real estate in Allen county, Indiana. The complaint was in two paragraphs. A
joint and several demurrer thereto for want of facts
was overruled, to which ruling appellant took the
following exception: "To which ruling of the court the
defendant excepts."

Appellee insists that no question is raised as to the sufficiency of either paragraph of the complaint separately
considered, for the reason that the exception was "in gross
and not several." Appellee has cited cases in support of
his contention, but these cases on this point have been disapproved. *Whitesell* v. *Strickler* (1907), 167 Ind. 602;
*Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 14
L. R. A. (N. S.) 418; *City of Decatur* v. *McKean* (1906),
167 Ind. 249; *United States Cement Co.* v. *Koch* (1908),
42 Ind. App. 251.

Appellant's first assignment questions the first paragraph
for want of facts. The objection lodged against this paragraph is that it does not show that appellee is claiming an interest in the real estate adverse to appellant. It appears from this paragraph that appellee
was the owner in fee simple of the real estate described, and
that appellant "is claiming some interest in and title to

said real estate, which is unfounded and without right and constitutes a cloud upon plaintiff's title.''

In the case of *Rennert* v. *Shirk* (1904), 163 Ind. 542, it is said: ''In an action to quiet title, under our statutes (§1082 Burns 1901), the pleading, to be sufficient, must allege that the pleader [plaintiff] is the owner of the real estate described therein, or a certain interest therein, and that the defendant in the action or cross-action claims an interest therein, and that such claim is adverse to the title asserted in said pleading, or that the same is unfounded and a cloud upon such title.''

In the paragraph now being considered, it is alleged that appellant's claim of title ''is unfounded and without right, and constitutes a cloud upon plaintiff's title.'' This allegation was the equivalent of an allegation that appellant's claim was ''adverse'' to appellee's title, and was sufficient to withstand the objection urged against it. *Rennert* v. *Shirk, supra; Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App. 215.

Appellant also insists that the second paragraph was insufficient as against a demurrer for want of facts. In this paragraph it was alleged that appellee, on December 28, 1906, was the owner of the land in controversy. Following this general allegation of ownership, there is a statement of facts showing that appellee was on that day eighty-three years of age; that his eyesight was bad; that he was physically weak and infirm; that appellant, then a strong, able-bodied man, took hold of him in a rude and angry manner and threatened to do him bodily injury; that, to save himself from what he believed to be great danger of bodily harm, appellee executed to appellant, without consideration, a deed for an undivided one-half interest in the real estate in question.

As to this paragraph it is claimed that it does not show ownership of the land in appellee at the time the suit was

commenced, nor that appellant was then claiming any title or interest in the land adverse to appellee, nor that the alleged grantor had at any time demanded a reconveyance, nor had rescinded or offered to rescind the deed made by him to appellant. In a suit to quiet title, the complainant must show the interest in the land which he asks to have quieted, and that he is the owner of such interest at the time the suit is begun. *Chapman* v. *Jones* (1908), 149 Ind. 434. And a complaint which fails to make this showing will be held insufficient as against a demurrer for want of facts. *Corbin Oil Co.* v. *Searles, supra.*

In this paragraph it is alleged that appellee, on December 28, 1906, was the owner of the land in question. The pleader then proceeds with a statement of facts, showing that the only defect in his title arose out of a certain alleged deed made by him to appellant; that the deed was not the act of appellee, and was made under such circumstances as to render it ineffectual to convey title; that appellant had caused it to be recorded in the deed records of Allen county. It was not necessary for appellee to allege in terms ownership of the real estate at the time the suit was commenced, or that appellant claims title adverse to appellee, if the facts show ownership and that such claim is inconsistent with appellee's title. *Kitts* v. *Willson* (1886), 106 Ind. 147; *Bisel* v. *Tucker* (1889), 121 Ind. 249; *Seymour Water Co.* v. *City of Seymour* (1904), 163 Ind. 120; *Caress* v. *Foster* (1878), 62 Ind. 145; *Corbin Oil Co.* v. *Searles, supra.*

As to appellant's claim of interest in the land, it appears that he appreciated the value of the deed enough to have it recorded in the record of deeds of the proper county, which deed, upon its face, showed that he was the owner of an undivided interest in the land in question. The facts that such a deed was on record, that it was obtained from the appellee in the manner and form alleged, and that he

is defending a suit on the part of his grantor to quiet his title as against said deed, are sufficient to warrant this court in holding that the paragraph is sufficient in this particular.

As to the question of a demand for reconveyance before bringing suit, it is sufficient to say that the facts show that the deed was obtained by appellant wrongfully and fraudulently, and, this being true, no demand was necessary.

Appellant insists that the court erred in overruling his motion to amend his cross-complaint. The motion to amend was made after all the evidence was in and the argument of counsel heard, except the closing argument for appellee. The right to amend pleadings calls for the sound judicial discretion of the trial court. While such discretion is subject to review by an appellate tribunal, such discretion will not be disturbed unless it clearly appears to have been abused to the prejudice and harm of the party against whom the ruling was made. §405 Burns 1908, §396 R. S. 1881; *New Castle Bridge Co.* v. *Doty* (1907), 168 Ind. 259; *Chicago, etc., R. Co.* v. *Williams* (1907), 168 Ind. 276; *Smith & Stoughton Corp.* v. *Byers* (1898), 20 Ind. App. 51.

It appears that the cross-complaint proceeded upon the theory that the deed in question was made to appellant, in pursuance of an agreement between appellant and appellee. At the time the alleged deed was made there was a mortgage for $2,000 on the land, and there is nothing in the deed indicating that the grantee was to assume any part of the mortgage. The proposed amendment was to the effect that appellant was to assume the payment of one-half of that mortgage.

By the cross-complaint appellant sought to have the title to an undivided one-half interest in the land quieted in him. There was no attempt in any of the pleadings to reform the deed, or to reform any contract in connection therewith. The evidence in the case is not before us, and it does not

appear, from anything disclosed by the record, that any substantial right of appellant was prejudiced by the court's refusal to allow the amendment, nor does it appear that he was in any way misled to his injury.

Appellant also earnestly contends that the court erred in overruling his motion for judgment on the answers of the jury to interrogatories. There is not such conflict 7. between such answers and the general verdict that both cannot stand. Such conflict must be made to appear before the general verdict will be disturbed. *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 7 L. R. A. (N. S.) 143; *Lowden* v. *Pennsylvania Co.* (1908), 41 Ind. App. 614. In support of this motion, it is 8. claimed that the answers to the interrogatories show that after the bringing of this suit both appellant and appellee joined in leasing the land to third persons, and that such persons were in the actual possession of the land at the time of the trial; that the personal property on the farm, after making the conveyance in question, was sold, and the proceeds arising from such sale were equally divided between appellant and appellee; that the appellee made no demand on the appellant for a reconveyance, nor was there an offer to rescind the contract under which said deed was executed, prior to the bringing of this suit. These answers, when considered along with the pleadings and general verdict, are not in irreconcilable conflict with the general verdict. *Bemis Indianapolis Bag Co.* v. *Krentler* (1907), 167 Ind. 653.

At the proper time appellant requested a trial of this cause by the court, and objected to its submission to a jury, on the theory that, by the second paragraph of the 9. complaint, it was sought to set aside or rescind the deed. Upon an examination of that paragraph we conclude that it stated a cause of action to quiet title, and that it was good only on that theory. No facts are stated showing a demand for a reconveyance, nor that any steps

were taken on the part of appellee looking to a rescission of any contract. Suits to quiet title alone are triable by jury. *Kitts* v. *Willson, supra; Puterbaugh* v. *Puterbaugh* (1892), 131 Ind. 288, 15 L. R. A. 341; *Jennings* v. *Moon* (1893), 135 Ind. 168; *Seymour Water Co.* v. *City of Seymour, supra.*

In support of his motion for a new trial, appellant contends that the court erred in refusing to give instructions six, seven, eight, thirteen and fourteen, and each of them tendered by him, and in modifying and giving instructions seven, eight, thirteen and fourteen as modified.

As to the instructions tendered and refused, it is sufficient to say that the evidence is not in the record, and for that reason, if for no other, it will be presumed that such instructions were refused, because not applicable to the evidence. *Rapp* v. *Kester* (1890), 125 Ind. 79; *Dean* v. *State* (1897), 147 Ind. 215; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509; *South Bend, etc., Plow Co.* v. *Geidie* (1900), 24 Ind. App. 673.

By instruction six, so tendered, appellant sought to have the jury instructed that a demand for a reconveyance was a necessary condition precedent to appellee's right to maintain this suit. What we have heretofore said, in passing upon the pleadings, requires us to hold that this instruction was not pertinent to such pleadings. The instructions tendered by appellant, modified and given by the court, must be regarded as instructions given by the court upon its own motion, and those tendered and modified as having been refused. *Inland Steel Co.* v. *Smith* (1907), 39 Ind. App. 636.

Looking to the instructions said to have been modified, and to that part of each instruction claimed to be objectionable, it appears that instruction seven referred to the evidence bearing upon the question whether appellee acted voluntarily in executing the alleged deed. The attention of the jury was directed to the facts

and circumstances detailed by the witnesses as to what oc-
curred in the office of the attorney who prepared the deed
and a certain contract. The jury was told that it should
consider that evidence, "together with all other evidence on
the subject" relating to and connected with the execution
of said deed. In instruction eight, which was also in re-
gard to the execution of the deed, the jury was instructed
that it should consider "all other evidence bearing on the
subject."

The quoted addition to said instructions, taken in con-
nection with the other language composing the instructions,
clearly shows, without debate, that the instructions were un-
objectionable. Without the addition, the instructions call
attention to the particular evidence bearing upon a certain
fact, and while not essentially erroneous, for this reason
alone, they were preferable in the form given.

Instructions thirteen and fourteen had reference to the
issues joined upon appellant's cross-complaint, and were to
the effect that, by virtue of an agreement between
appellant and appellee, the former, upon his mar-
riage, was, with his wife, to continue to live with the
latter and continue to perform such services as he had
theretofore done, and upon the death of appellee and his
wife he was to have all the property, real and personal,
which they might own at their death; that, in pursuance
of said agreement, appellant and his wife took up their
residence with appellee, and continued faithfully to per-
form services for him, as in the past; that, if appellant took
possession of the land and property under such contract,
the contract would be enforceable, although not in writing,
and appellant would be the equitable owner of said prop-
erty.

Appellant insists that the instructions were erroneous,
for the reason that each of them required appellant to prove
that he took possession of the land. The objection is not
well taken. The contract mentioned in the instruction was

an oral one. It was a contract whereby personal services were to be paid for with the land in dispute, or, in other words, the consideration for the land was the services rendered and to be rendered.

It is an elementary rule of law that a parol contract for the sale and purchase of real estate is not enforceable, in the absence of possession by the purchaser, although the purchase money may have been paid in full. *Riley* v. *Haworth* (1903), 30 Ind. App. 377; *Neal* v. *Neal* (1880), 69 Ind. 419; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 37 L. R. A. 233.

In a case where a young girl was taken by a childless husband and wife as their own child, the child to render such services as she was capable of performing, the husband and wife promising that, by testamentary disposition, they would make her their sole and only heir, it was held that this agreement was unenforceable, as being within the statute of frauds, and that a performance on the part of the girl did not take it out of said statute. *Wallace* v. *Long* (1886), 105 Ind. 522, 55 Am. Rep. 222. In that case it was said: "When the title to property, either real or personal, is to be acquired by purchase, the statute of frauds will operate upon and affect the contract in precisely the same manner, whether the consideration for the purchase is to be paid in services, money or anything else." It was also said: "Where, therefore, services have been performed, or money paid, in consideration of property to be conveyed, if the contract is not enforceable by reason of the statute of frauds, the action is not on the special contract, but, in the case of services performed, the action is on a *quantum meruit* to recover the value of the services."

Appellant tendered to the court certain instructions, which the court modified and gave to the jury, without first rewriting them. In such cases the statute plainly points out the procedure. §561 Burns 1908, Acts 1907 p. 652. In this case it is evident that the

court failed to follow this statute, by rewriting the instructions as modified, but the question was not properly saved. It is not made to appear that the court's attention was called to this statute, or that any objection was made to the action of the court in this particular, until after the modified instructions had been read to the jury. The question was not timely presented to the court below, and a ruling had thereon, which was necessary in order to present the question in this court.

The only other question deserving attention arises on the court's refusal to modify the judgment. The judgment may be said to be in two parts: (1) It quiets the title to the real estate in question in appellee; and (2) by way of addition appears the following: "And that plaintiff, James Baxter, is to have possession of the real estate, personal property and income from the land." This addition to the judgment was without the issues, is surplusage, is without any binding force, and should have been stricken out, and the judgment modified to that extent.

After carefully considering this question, we have concluded that if appellee, within fifteen days, at his own cost and expense, will enter upon that page of the order-book of the Allen Circuit Court, whereon said judgment is entered, a waiver and release of any and all rights or claims, either legal or equitable, under or by virtue of that part of the judgment, namely, "and that plaintiff, James Baxter, is to have possession of the real estate, personal property and income from the land," and furnish to the clerk of this court for record, within the time herein fixed, a transcript of such waiver and release duly certified by the clerk of the Allen circuit court, the judgment will stand affirmed; otherwise, it will be reversed, and the cause remanded for a new trial.

## MANDATE MODIFIED.

Per Curiam.—Since the decision of this case by this court, and within the time fixed in an opinion handed down November 3, 1910, conditionally affirming the judgment of the lower court, it has been made to appear to the satisfaction of this court that the condition upon which said judgment was affirmed—the release by appellee of that part of said judgment following: "And that plaintiff, James Baxter, is to have possession of the real estate, personal property and income from the land"—has been fully complied with. It is now ordered that the mandate before made and entered by this court in said cause be and it is hereby modified, in that the judgment of the court below is now unconditionally affirmed.