# LANTZ *v.* CARAWAY ET AL.

[No. 22,176.     Filed November 25, 1913.]

1. DRAINS.—*Proceedings to Establish.—Appeal.—Parties.*—On appeal from a judgment sustaining a remonstrance against a drainage petition, landowners whose lands are affected by the proposed drain, but who are neither petitioners nor remonstrators, are not parties to the judgment so as to require them to be named in the assignment of errors, although they are in a sense parties to the record.     p. 485.

2. CONVERSION.—*Equitable Conversion.—Nature and Grounds of Doctrine.*—The doctrine of equitable conversion is interposed to carry out the intention of testators so far as that can be done within the rules of law, and generally for the purpose of doing equity between the heirs or next of kin, where no other rights intervene, but a testator cannot change realty into personalty, or *vice versa,* by the mere declaration that it shall be one or the other; and the rule is applicable as between a testator and a specific beneficiary to determine the character of estate which the latter is ultimately to receive, and, in the absence of any expressed contrary intention on the part of the testator, the share of a beneficiary who dies before the termination of the life estate will generally pass as that character of property which he would have received upon the death of the life tenant. p. 487.

3. CONVERSION.—*Equitable Conversion.—Construction of Will.—Rights of Heirs.*—Where a will gave to the testator's wife a

life estate in his lands, and provided that at her death the land should be sold and the proceeds divided among his children, the title to the land, during the interim between testator's death and the time fixed for the actual conversion of the land into money, was not in abeyance but passed to the holder of the beneficial interest, in the absence of an expressed intention of the testator that it should vest in the life tenant or the executor. p. 487.

4. LIFE ESTATES.—*Permanent Improvements.—Liability.—Drains.* —Permanent improvements, such as sewers and drains, add to the value of the entire estate, and the burden of making them must be equitably prorated between the remaindermen and the tenant for life, taking into account the probable duration of the estate and other relevant facts. p. 489.

5. DRAINS.— *Proceedings to Establish.— Remonstrances.— "Land-owners."*—Remaindermen are landowners within the meaning of the drainage law and are to be counted in determining the sufficiency of a remonstrance filed thereunder, and, a township is also a landowner within the meaning of that act, and necessary to be counted in determining the sufficiency of any such remonstrance. p. 489.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Proceeding on the petition of William G. Lantz for the construction of a drain. Mary J. Caraway and others filed remonstrance. From a judgment for remonstrators, the petitioner appeals. *Reversed.*

*Samuel J. Offutt,* for appellant.
*Samuel A. Wray* and *Robert Williamson,* for appellee.

SPENCER, J.—This is a proceeding instituted by appellant to have tiled a certain public drain located in Hancock County. Appellees filed a remonstrance to appellant's petition and on the issues thus joined the cause was tried by the Hancock Circuit Court. From a finding and judgment that appellees' remonstrance was sufficient and that appellant's petition should be dismissed, this appeal is taken.

Appellees have filed a motion to dismiss this appeal on the ground that certain owners of lands which are affected by the drain in question have not been joined as appellees. While it is true that such owners were, in

a sense, parties to the record, they were not parties to the judgment from which the appeal is taken and it was not necessary to name them in the assignment of errors. *Pitser* v. *McCreery* (1909), 172 Ind. 663, 665, 88 N. E. 304, 89 N. E. 317; *Kline* v. *Hagey* (1907), 169 Ind. 275, 277, 81 N. E. 209; *Smith* v. *Gustin* (1907), 169 Ind. 42, 46, 80 N. E. 959, 81 N. E. 722.

The sole question presented by the errors assigned is the sufficiency of the two-thirds remonstrance to appellant's petition. Among the parties named in said petition as owners of land affected by the drain were John Manche and John M. Ashcraft. The trial court found that they were not the owners of the land described in the petition, but had only an interest in the proceeds to be derived from the sale of said land and were, therefore, not to be counted in determining the sufficiency of appellee's remonstrance. It appears from the evidence that under the will of one John Ashcraft, who, at the time of his death, was the owner of said described real estate, his widow was to have a life estate in the same and at her death the land was to be sold and the proceeds divided among his children. Subsequent to his death and prior to the institution of this proceeding John Manche and John M. Ashcraft became the owners of a seven-tenths interest in the proceeds to be derived from the sale of said land upon the death of the life tenant. The question now is, Are they "landowners" within the meaning of the drainage statute?

John Ashcraft gave positive directions in his will that the real estate in question should be sold on the death of his widow and the proceeds of such sale divided among their children. Appellees contend that under such conditions an equitable conversion of the real estate took place at the death of the testator and the interests taken by his children under the will assumed the character of personal property from that date. This doctrine of equitable conversion finds support in the following cases: *Comer* v. *Light* (1911), 17·

Ind. 367, 93 N. E. 660, 94 N. E. 325; *Rumsey* v. *Durham* (1854), 5 Ind. 71; *Walling* v. *Scott* (1912), 50 Ind. App. 23, 96 N. E. 481, 97 N. E. 388; *Nelson* v. *Nelson* (1905), 36 Ind. App. 331, 75 N. E. 679.

This doctrine, however, is not a fixed rule of law, but proceeds upon equitable principles, and its application will depend somewhat upon the circumstances under which

2. it is invoked. As is said in *Comer* v. *Light, supra,* 373, it "is interposed for the purpose of carrying out the intention of testators so far as that can be done within the rules of law, and generally for the purposes of equality, and doing equity between heirs or next of kin, where no other rights intervene, but it has never been understood that a testator can change realty into personalty, or *vice versa,* by the mere declaration that it shall be one or the other." The rule of equitable conversion is applicable as between the testator and the specific beneficiary to determine the character of the estate which the latter is ultimately to receive under the will and, in the absence of any expressed contrary intention on the part of the testator, the share of a beneficiary who dies before the termination of the life estate will generally pass as that character of property which he would have received upon the death of the life tenant. *Rumsey* v. *Durham, supra; Nelson* v. *Nelson, supra;* 9 Cyc. 851, and cases cited.

But it is obvious that during the interim between the death of the testator and the time fixed for the actual conversion of the land into money, the title to said land

3. must vest in some one. It is neither in abeyance nor in the life tenant and must, therefore, pass to either the executor or the legatee or else descend to the heirs of the testator, since an heir can not be cut off by will except by a devise of the estate, expressly or by implication, to some one else. *Bowen* v. *Swander* (1899), 121 Ind. 164, 22 N. E. 725, and cases cited; *Doe* v. *Lanius* (1852), 3 Ind. 441. Whether the title vests in the executor, depends on the language used

in the will. To quote from *Bowen* v. *Swander, supra,* 170: "The courts have made a distinction between a devise to the executor of real estate, with directions to sell the same and make distribution of the proceeds, and a devise which directs that real estate be sold and the proceeds distributed, but without passing the legal title to the executor. In the one case it is held that the executor is the custodian of the title until divested by the sale, while in the other the title is held to be in the beneficiary or the heir until the sale is made." See, also: *Brumfield* v. *Drook* (1885), 101 Ind. 190; *Thompson* v. *Schenck* (1861), 16 Ind. 194.

The presumption against intestacy is sufficient to lead to the conclusion that the testator did not intend that the legal title to his land should remain undisposed of and the necessary implication is that such title passes under the will. Since it can vest in neither the life tenant nor the executor, unless such intention is expressed, it is obvious that it must pass to the holder of the beneficial interest. The decisions of the several states are not in accord on this question, but the conclusion reached has been adopted as the rule in this State. The beneficiary is considered as the remainderman and his interest in the real property, which approaches a chattel real in character and possesses some, though not all, of the elements of a qualified fee, is liable to attachment and sale under execution, or it may be conveyed by him to another, the purchaser thereby taking the beneficiary's share in the proceeds and taking title to the property as against all persons but the life tenant and the right of the executor to sell said property when the contingency arises. *Indiana R. Co.* v. *Morgan* (1904), 162 Ind. 331, 70 N. E. 368; *Ballenger* v. *Drook* (1885), 101 Ind. 172; *Simonds* v. *Harris* (1884), 92 Ind. 505; *Wilson's Executor* v. *Rudd* (1862), 19 Ind. 101; *Nelson* v. *Nelson, supra.*

Permanent improvements, such as sewers and drains add to the value of the entire estate, and the burden of making

4. them must be equitably prorated between the remaindermen and the tenant for life, taking into account the probable duration of the estate and other relevant facts. *Kline* v. *Dowling* (1911), 176 Ind. 521, 525, 96 N. E. 579; *Hay* v. *McDaniel* (1901), 26 Ind. App. 683, 688, 60 N. E. 729.

5. Since, in the case at bar, John Manche and John M. Ashcraft are to be considered as remaindermen, they are landowners within the meaning of the drainage law and are to be counted in determining the sufficiency of a remonstrance filed thereunder.

Appellant also contends that a township is a landowner within the meaning of the drainage statute and that the trustee of Sugar Creek Township must be counted in determining the sufficiency of the remonstrance in question for the reason that a certain highway in such township will be benefited by the improvement. This position is well taken. §§6142, 6143 Burns 1908, Acts 1907 p. 508; *Zumbro* v. *Parnin* (1895), 141 Ind. 430, 40 N. E. 1085.

The trial court found that there were but seven property owners to be counted in determining the sufficiency of appellees' remonstrance. Since John Manche, John M. Ashcraft and the trustee of Sugar Creek Township must be added to these, as appellant contends, it follows that said remonstrance is insufficient since it contains but six signatures, or less than two-thirds of the total number of landowners to be counted.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings in accordance with this opinion.

NOTE.—Reported in 103 N. E. 335. See, also, under (1) 2 Cyc. 985; 14 Cyc. 1046; (2) 9 Cyc. 824, 825, 831, 851; (3) 40 Cyc. 1662, 1669; (4) 16 Cyc. 634; (5) 14 Cyc. 1041. As to equitable doctrine of conversion in case of wills, see 5 Am. St. 145. On the question whether a life tenant or remainderman must bear the cost of a public improvement, see 10 L. R. A. (N. S.) 342. Reported and annotated in 50 L. R. A. (N. S.) 32.