## Simms v. Gilmore, Executor.

[No. 11,210. Filed April 27, 1922.]

QUIETING TITLE.— *Decedent's Realty.*— *Right of Executor to Maintain Action to Quiet Title.*—*Statutes.*—Under §1116 Burns 1914, §1070 R. S. 1881, providing that any person may bring an action against another who claims title to or interest in real property adverse to him, and in view of §§251, 252 Burns 1914, §§251, 252 R. S. 1881, requiring that every action be brought in the name of the real party in interest, an executor of a decedent's estate without either equitable or legal title cannot maintain a statutory action to quiet title to realty belonging to the estate, though he alleges that he is authorized by the will to sell the real estate, and that such sale is necessary to pay debt, legacies, etc., the question whether it is necessary to sell a decedent's real estate to pay legacies and debts being one which cannot be adjudicated in such an action, in view of §2848 *et seq.* Burns 1914, §2332 *et seq.* R. S. 1881.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Action by George W. Gilmore, executor of the last will of Nancy Evans Simms, deceased, against James F. Simms. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Frederick F. McClellan, Donald D. Hensel* and *Leonidas A. Guthrie,* for appellant.
*Edward R. Templer,* for appellee.

DAUSMAN, C. J.—The appellee, as executor of the

last will of Nancy Evans Simms, deceased, instituted this action by filing a complaint in which he averred:

"That he is the executor of one Nancy Evans Simms, deceased; that he was appointed executor by the Delaware Circuit Court on October 2, 1920; that he brings this suit in his capacity as executor; that the decedent died the owner of certain real estate described as follows:  *  *  *;  that by the terms of her will the decedent made bequests to several legatees, amounting to about $2,000; that the estate is indebted to an amount approximating $1,000; that decedent left no personal property except a small amount of household goods of the approximate value of $10; that by her will she directed her executor to sell her real estate; that it is necessary to sell the real estate to pay the legacies and debts; that the defendant is claiming and asserting an interest in the real estate, which claim is without right and unfounded, and is a cloud upon plaintiff's title to the real estate and upon the estate's title to the real estate. Wherefore, plaintiff prays that his title to the real estate be quieted, and that the estate's title to the real estate be quieted."

A demurrer to the complaint having been overruled, the cause was submitted to a jury. The trial resulted in a verdict for the plaintiff, and judgment was rendered accordingly.

Is the plaintiff entitled to maintain the action?

Our Code of Civil Procedure contains the following provision: "An action may be brought by any person, either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to or interest in real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title." §1116 Burns 1914, §1070 R. S. 1881.

The language of that section is not as precise as it should be. However, it appears from the context that the words "any person" mean any person having title to real property. It further appears from the context that the purpose of that section is to authorize two classes of persons to maintain actions to quiet title to real property, viz.:    (1) Persons who have such a title as carries with it constructive possession, although they need not be in actual possession at the time of instituting the action; and (2) persons who have an interest in remainder or reversion. Any person coming within either class is authorized to maintain the action "against another who claims title to or interest in real property adverse to" the plaintiff, "for the purpose of determining and quieting the question of title." The fact needs to be emphasized that the question to be determined is "the question of title." The action may be maintained against another who claims title to the real property adverse to the plaintiff's title; or against another who claims an interest in the real property, which interest is adverse to the plaintiff's title. It is apparent that the action authorized by this provision of the Code is one for the purpose only of clearing the plaintiff's title from the adverse invalid claims of others; and such an action is commonly called "an action to quiet title." *Green* v. *Glynn* (1880), 71 Ind. 336.

It has been uniformly held that a complaint in an action to quiet title, brought under the foregoing provision of the Code, is sufficient, as to the plaintiff's right to maintain the action, if it avers that the plaintiff is the owner of the real property, by either a legal or an equitable title. *Gibbs* v. *Potter* (1906), 166 Ind. 471, 77 N. E. 942, 9 Ann. Cas. 481. The decisions on this point are too numerous to be here set out. Many of them are collected in the notes to the aforesaid section of the statute, and in 3 Watson, Revision Work's Prac. 847

*et seq.* Conversely, it is held that a complaint in such an action is not sufficient if the averments therein fail to show title in the plaintiff. *Chapman* v. *Jones* (1897), 149 Ind. 434, 47 N. E. 1065, 49 N. E. 347; *Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App. 215, 75 N. E. 293; *Baxter* v. *Baxter* (1910), 46 Ind. App. 514, 92 N. E. 881, 92 N. E. 1039.

It is a fundamental rule that under our Code every action must be brought in the name of the real party in interest. (To that rule there are certain exceptions which are unimportant here. §§251, 252 Burns 1914, §§251, 252 R. S. 1881.) The rule is fully applicable to the case at bar. *Chapman* v. *Jones, supra.*

The averment "that by decedent's will she directed plaintiff to sell the real estate" does not show title in him. For aught that appears in the complaint, on the death of the decedent her real estate descended by operation of law to her heirs and thereby the title became vested in them. *Bowen* v. *Swander* (1889), 121 Ind. 164, 22 N. E. 725; *Indiana R. Co.* v. *Morgan* (1904), 162 Ind. 331, 70 N. E. 368; *Lantz* v. *Caraway* (1913), 180 Ind. 484, 103 N. E. 335, 50 L. R. A. (N. S.) 32; *Nelson* v. *Nelson* (1905), 36 Ind. App. 331, 75 N. E. 679.

The averment that it is necessary to sell the real estate to pay the legacies, debts and costs of administration, is of no avail. Whether it is necessary to sell the real estate to pay legacies and debts is a question which cannot be adjudicated in a statutory action to quiet title. The legislature has designated the method by which that question shall be determined; and the special statutory procedure thus provided is exclusive. The responsibility for the determination of that question has been placed on the court, and it is a responsibility which the court may not evade. §2848 *et seq.* Burns 1914, §2332 *et seq.* R. S. 1881. *Paine* v. *St. Paul, etc., R. Co.* (1869), 14 Minn. 65. The executor contends, however,

that by virtue of the terms of the will and of certain statutory provisions he was under no obligation to apply to the court for authority to sell the real estate. §§2876, 2877, 2878 Burns 1914, §§2359, 2360, 2361 R. S. 1881. We will not determine the merits of that contention; for the reason that all matters depending on the averment now under consideration are wholly immaterial. If it were conceded that it is necessary to sell the real estate to pay legacies and debts, that fact would not vest the title in the executor.

To avoid misunderstanding it should be noted that we are not dealing with a petition to sell real estate. We are dealing with a complaint which was filed for the sole purpose of instituting a statutory action to quiet title to real property. The action was instituted by an executor to quiet the title to real property which upon the death of the testatrix descended to her heirs.

The courts have ample equity power to protect the assets of estates and to enable administrators, executors and trustees properly and efficiently to discharge their duties in every exigency that may arise; but that power may not be invoked in a statutory action to quiet title by one who does not come within the statute. See Smith v. McConnell (1855), 17 Ill. 135, 63 Am. Dec. 340; Phelps, Admr., v. Funkhouser (1866), 39 Ill. 401; Cutter v. Thompson (1869), 51 Ill. 390; Shoemate v. Lockridge (1870), 53 Ill. 503; Gridley v. Watson (1870), 53 Ill. 186; Marsh v. Board, etc. (1875), 38 Wis. 250; Williams v. Stratton (1848), 10 (Miss.) Smedes & M. 418, 422; Norcum v. Lum, Admr. (1857), 33 Miss. 299; 9 R. C. L. 72.

The averment that the defendant's claim is a cloud "upon the estate's title to the real estate" is utterly meaningless and requires no further consideration.

The judgment is reversed and the trial court is directed to sustain the demurrer to the complaint.