## NEW YORK CENTRAL RAILROAD COMPANY v. IDDINGS, ADMINISTRATRIX.

[No. 12,326. Filed April 2, 1926. Rehearing denied July 2, 1926. Transfer denied October 13, 1926.]

1. APPEAL.—An appellate tribunal will not consider the sufficiency of the evidence to sustain the verdict or finding when all the evidence is not in the record. p. 222.

2. APPEAL.—In the absence of the evidence, it will be presumed that requested instructions were refused because not applicable to the evidence. p. 223.

3. APPEAL.—*Exhibit that was received in evidence should be incorporated in transcript.*—An exhibit which the parties had agreed was to be admitted in evidence without identification by witnesses, and which was marked by the court reporter as an exhibit and "received in evidence," was a part of the evidence of the case and should have been incorporated in the transcript on appeal. p. 224.

4. APPEAL.—*Evidence omitted from the record.*—Where an exhibit that had been marked by the court reporter as an exhibit and which the record showed was "received in evidence" was omitted from the bill of exceptions, all the evidence was not in the record. p. 224.

5. APPEAL.—*Refusal of instruction pertaining to evidence held not reversible error where all the evidence was not in the record.*—Where all the evidence is not in the record, the refusal to give an instruction to the effect that, in the absence of any evidence to the contrary, the decedent (who was killed by defendant's train) was presumed to have had good hearing and good eyesight, was not reversible error, as the evidence may have shown, without dispute, that the decedent did not have good eyesight or good hearing, or the evidence may have shown, without conflict, that he did have good eyesight and good hearing. p. 227.

From Noble Circuit Court; *Arthur F. Biggs,* Judge.

Action by Gladys L. Iddings as administratrix of the estate of Scott Iddings, deceased, against the New York Central Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Walter Olds, Albert E. Thomas, Howard L. Townsend, Berthrand Walker* and *Grant & Foot,* for appellant.

*Vermont Finley* and *Whiteleather & Bloom,* for appellee.

McMAHAN, J.—This is an action for the death of appellee's decedent, Scott Iddings, who was killed by reason of a motor truck in which he was riding being struck by one of appellant's trains at a street crossing in the city of Kendallville. There was a verdict and judgment in favor of appellee for a substantial amount.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. Under this assignment, appellant first insists that the 1. verdict is not sustained by sufficient evidence. This is based upon the contention that the evi-

dence conclusively shows as a matter of law that the decedent was guilty of such negligence as prevents a recovery. Appellee, however, calls attention to the fact that the evidence is not all in the record, and, under the well-settled law of this state, this court will not consider the sufficiency of the evidence to sustain the verdict of the jury or the finding of the court when all of the evidence is not in the record. *Chicago, etc., R. Co.* v. *Public Service Commission* (1918), 188 Ind. 334, 340, 121 N. E. 276, 123 N. E. 465.

Appellant also contends that the court erred in refusing to give certain instructions. In answer to this contention, it suffices to say that, in the absence 2. of the evidence, it will be presumed that the instructions were refused because not applicable to the evidence. *Baxter* v. *Baxter* (1910), 46 Ind. App. 514, 521, 92 N. E. 881, 1039.

Judgment affirmed.

## ON PETITION FOR REHEARING.

McMAHAN, P. J.—Appellant insists we erred in holding that all the evidence is not in the record. The evidence in question is what is known as plaintiff's Exhibit Q. The record bearing upon this question is as follows:

Mr. Whiteleather, attorney for appellee, speaking said: "Now, the record is that the plaintiff now submits, introduces for identification, the New York Pennsylvania Railroad Company, the Toledo Division, Time Table No. 13, for employees only, which is marked Plaintiff's Exhibit Q.

"Plaintiff now offers in evidence the train No. 65, American Railway Express, daily except Tuesday, westbound, and to arrive at Kendallville 5:48 a. m., as set out in line 23 and column E of page 5 of the aforesaid time table No. 13, in force on April 21, 1922; and plaintiff now introduces in evidence from page 7 of said time

224    APPELLATE COURT OF INDIANA,

New York, etc., R. Co. *v.* Iddings, Admx.—85 Ind. App. 221.

table No. 13, effective on and after June 26, 1921, train X28, American Railway Express, daily except Monday, time due at Kendallville, 5:55, as shown in line 5, column C of said page; and also introduces in evidence train 32, daily, due at Kendallville 5:50, as shown in line No. 9 and the column No. D on page 7 of said time table; both of which trains are eastbound."

The parties agreed to "waive the formality of proving and identifying the exhibit by witnesses and if competent is to be admitted the same as identified and proved by a witness," subject to the formal objection as to the competency of the evidence, and thereupon the attorney for appellant objected to the introduction of evidence in regard to each of said trains. These objections were overruled and plaintiff's attorney then made the following inquiry: "Now may this record show that this has been read to the jury?" The court then stated, "Objections overruled and exceptions"; and then follows the statement: "Plaintiff's Exhibit Q marked and received in evidence and made a part hereof."

No part of Exhibit Q is set out in the record. Appellant insists that Exhibit Q was not introduced in evidence, that the only thing introduced in evidence was the statement of appellee's attorney first above quoted referring to the three trains, and that all of the evidence that was introduced before the jury is in the bill of exceptions.

In the introductory statement of plaintiff's attorney, he submitted and introduced for identification time table No. 13. It was marked plaintiff's Exhibit Q, 3, 4. then follows the reference to the three trains referred to. The reference to train No. 65, was to the same "as set out in line 23 and column E of page 5 of the aforesaid time table No. 13." The reference or statement concerning train X28 was as follows:

"And plaintiff now introduces in evidence from page 7 of said time table No. 13  *  *  *,  train X28, American Railway Express, daily except Monday, time due at Kendallville, 5:55, as shown in line 5, column C on said page." Then follows the offer relative to train No. 32, "due at Kendallville 5:50, as shown in line 9, column No. D, on page 7 of said time table." It will be observed that there is nothing in the last two offers or either of them indicating whether trains X28 and 32 were due at Kendallville in the forenoon or afternoon. There is nothing to show whether they were scheduled to stop there or not. The time of their arrival can only be ascertained by reference to Exhibit Q. It is clearly indicated in each of the three offers that Exhibit Q was to be referred to in order to ascertain what was therein disclosed concerning each of the three trains. The statement of plaintiff's attorney heretofore quoted simply called attention to that part of the time table and the particular part of the time table which he desired to call to the attention of the court and jury. For instance, he refers first to train No. 65, "as set out in line 23, and column E, page 5" of time table "No. 13" and train X28 "due at Kendallville, 5:55, as shown in line 5, column C" of page 7 of said time table, and No. 32 "due at Kendallville 5:50, as shown in line No. 9, and the column No. D, on page 7 of said time table." As before noted, the offers made were not full and complete, do not purport to be quotations from the time table and are nothing more than statements made by the attorney for the purpose of identification. Appellant's attorney, in objecting to the evidence, referred to the offered evidence as "time table" showing the time of arrival of trains at Kendallville, and, after the objection was overruled, the bill of exceptions discloses that Exhibit Q was received in evidence and made a part thereof.

The purpose of introducing the time tables in evidence was to show the arrival and departure of trains at and from Kendallville about the time of the accident, and, in the absence of the whole of Exhibit Q, or all of that part thereof relating to the three trains referred to, it is not possible to state when these trains were scheduled to arrive and depart from Kendallville. Train X28 is the one that struck and killed appellee's decedent. Then, following the examination of a witness on behalf of appellee, appellant's attorney made a statement concerning an admission as to the time of the arrival and departure of train X28 at Elkhart and Kendallville, and intermediate stations. A discussion then took place between the attorneys as to the extent of this admission, appellee's attorney insisting that it should include a statement as to the scheduled time. Judge Olds, representing appellant, said there was no agreement as to that. Mr. Whiteleather, representing appellee, then said: "It was understood, Judge Olds, if competent, the whole train schedule 13 could be introduced." To us, this indicates that the court and the parties at that time understood that time table 13, which had been marked as Exhibit Q, had been introduced in evidence, and we hold that said exhibit was received in evidence. One witness testified that he saw the decedent just as he was approaching and crossing the tracks and "that he appeared to be looking to the east." Appellee's theory was that the decedent was looking to see if a train was approaching from that direction, and that the time table would disclose that a train was due from the east at that time, and that the decedent was at that particular time looking to the east to see if this particular train was approaching. The court held that the time table was competent and it was "received in evidence," and made a part of the bill of exceptions. No part of

that exhibit is set out in the record and we adhere to our former holding that the evidence is not all in the record.

Appellant next insists that it was error to refuse the tendered instructions upon the theory that they were correct under any possible condition of the evidence. This contention cannot prevail. Instruction No. 20, tendered and refused, was to the effect that, in the absence of any evidence to the contrary, the decedent was presumed to have had good hearing and good eyesight. We cannot presume that there was no evidence bearing upon these questions. The evidence may have shown without dispute that the decedent did not have good eyesight or good hearing and, if so, the instruction was properly refused, or if the evidence without conflict showed that he had good eyesight and good hearing, the refusal to give the instruction would not have amounted to reversible error. What we have said as to the refusal to give this instruction applies with equal force to the contention that the court erred in refusing to give instruction No. 10.

Petition denied.