CROSSAN *et al.* v. McCRARY.

1. **Administrator:** DE BONIS NON: APPOINTMENT. An administrator *de bonis non* may be appointed after the lapse of five years from the death of the testator, if the estate has not been fully settled, and the administrator originally appointed has been discharged.

2. —— FINAL SETTLEMENT. Where an administrator made a final report and was discharged, but the records of the probate court showed that real property of the estate was undisposed of and debts remained unpaid, such order of discharge will not be regarded as a final settlement.

3. —— APPOINTMENT OF STRANGER. Where the time given by the statute for the next of kin or creditors to take out letters of administration has expired, a stranger may be appointed *de bonis non.*

*Appeal from Lee Circuit Court.*

TUESDAY, DECEMBER 16.

AT the April term, 1873, plaintiffs made a motion in the circuit court of Lee county, to vacate the appointment of defendant, A. J. McCrary, as administrator *de bonis non* of the estate of James Tasker, deceased, which was overruled, and from this order of the court plaintiffs appeal. The facts involved in the points ruled appear in the opinion.

*Gibson Browne, C. W. Lowrie, E. Crossan* for the appellants.

*Gilmore & Anderson* for the appellee.

BECK, Ch. J. — April 15, 1859, John W. Ogden was appointed administrator, with the will annexed, of the estate of James Tasker, deceased. The inventory filed by the administrator included, among other real estate, lots 2 and 3, block 73, in the city of Keokuk, which are described in a report subsequently made as being occupied partly as a homestead. These lots were never sold by the administrator; the other real estate was. Catharine Tasker, the widow, and Clarissa Crossan are devisees under the will of Tasker, each receiving certain parts of all his estate. Debts to a consider-

Crossman v. Crary.

able amount were presented and allowed against the estate, for the payment of which the real property above referred to was sold. The estate was insolvent. On the 14th day of October, 1865, Ogden, having made his final report and settlement, was discharged. In October, 1872, McCrary was appointed administrator *de bonis non*, for the purpose of selling the interest or the estate in lots 2 and 3, block 70, occupied by the widow as a homestead, for the payment of the debts allowed against the estate. No actual notice of the application for such appointment to the widow and other devisees of the estate was given by McCrary or others interested. They had notice of an application for an order to sell the property, and thereupon made the motion to vacate the appointment of the administrator *de bonis non*.

It is claimed by appellants that the appointment of McCrary was illegal, for several reasons, and should therefore have been set aside. We will proceed to notice the grounds of the objections thus made.

I. It is insisted that, as more than five years had elapsed from the death of the testator, the court had no lawful authority to appoint the administrator *de bonis non*. This position, it is claimed, is supported by Revision, section 2357, which is a limitation upon the authority of the court, forbidding its exercise after the expiration of five years from the death of decedent. The provision is in these words: "Administration shall not be *originally* granted after the lapse of five years from the death of decedent, or from the time his death was known in case he died out of the State."

1. ADMINISTRA- TOR.

The word "administration" means, as here used, the management of the estate of a decedent and expresses the jurisdiction assumed by the proper probate court over it. This jurisdiction is assumed by the appointment of the administrator; when that is done, administration is said to have been granted. It does not refer simply to the act of appointment of the administrator, although that act is included in the thought expressed, for "administration," management of the estate is assumed by the appointment. The word would not be appli-

cable to an administrator appointed to fill a vacancy occurring in the office on account of death or removal of a former incumbent, or on account of one appointed refusing to qualify and discharge its duties. Upon the court assuming jurisdiction of the estate and making the appointment of an administrator it may be said that administration has been granted. The person so appointed is under the control and power of the court and may be removed or he may resign, and his place may be in such cases filled. Surely, the power of the court to make a second appointment does not depend upon jurisdiction to be newly acquired by proper application, etc., though that may be necessary to call into exercise such authority. The court having jurisdiction of the estate may do all things necessary for its proper administration and settlement, and, to this end, may appoint such administrators as are authorized by law and necessary to the discharge of its probate powers. It cannot be said that, in the case of the appointment of the second administrator, *administration* is then assumed by the court over the estate. It was possessed and exercised before, and such an appointment is simply made in discharge of proper authority. This view is rendered indisputable by the use of the word " originally," in the section quoted. It is obvious that the administration, management, which is limited to five years after the death of the decedent, is that which is first assumed. If other administration is to be exercised by the court, it is not within the words of the provision and, as is clearly seen by the considerations above expressed, not within its spirit.

II. It is next claimed that the estate was finally settled, and that there was a judgment of the court to that effect, which is

2. —— final set- conclusive, not having been reversed or modi-
tlement.         fied by proper proceedings. *It is* unnecessary to inquire as to the effect of such a settlement or as to the conclusiveness of a record thereof, in the proper court.

The abstract before us certainly does not show any such record or settlement. It shows that property of the estate, reported in the inventory, remained undisposed of, and that the debts were not fully paid; in fact, but a small percentum

Crossman v. Crary.

of their claims had been paid to the creditors. Under these circumstances the court could not have found that the estate was settled. The settlement and order of record, however, is this: The administrator, Ogden, made a final report and settlement, and was discharged. This was nothing more than a report of his transactions in the management of the estate and the settlement of his accounts pertaining thereto. It does not appear upon what ground he was discharged; it may have been that he resigned, or there may have been no reason assigned for the order discharging him. Certain it is he was discharged, and, as we understand the facts, ceased to be an administrator of the estate. The language of the abstract before us will not warrant the conclusion that the estate was finally settled, its affairs closed up and for that reason the administrator was discharged; and in the face of the facts appearing in the record, to the effect that such was not the case, it cannot be expected that we will presume the existence of an intention so to adjudge by the court, or that the abstract expresses any such adjudication.

Revision, section 2459, is in these words: "Upon final settlement of the executor, an order may be made discharging him from further duties and responsibilities." Such an order may be made, ought to be made, when the estate is finally settled, the debts paid and property lawfully distributed; it may and ought to be made when, for any cause, the administrator is relieved of further duties touching the business of the estate, and it has been found that he has properly accounted for all effects of the estate that at any time were under his control. It is very plain that the record in the case could have been made, as required by the section, when the estate was unsettled, property remaining undisposed of and debts unpaid. We think the abstract before us shows such to be the fact, which, moreover, is supported by legal presumption.

The estate being unsettled, debts thereof remaining unpaid and property undisposed of, and the first executor having been discharged, it was the court's duty to appoint another to manage its affairs, to complete the work left by the first adminis-

trator unfinished.   The administrator *de bonis non* was therefore lawfully appointed.

III.  The appointment of McCrary, being neither next of kin to decedent, nor a creditor of the estate, was properly made under Revision, sections 2343–2347.   The time fixed by these provisions in which the widow, next of kin and creditors of the estate respectively, are required to apply for appointment, having expired, the court was authorized to appoint any proper person, though a stranger.

*3. —— appointment of stranger.*

The foregoing views dispose of the questions in the case now before us.   These exclusively pertain to the power of the court to appoint the administrator *de bonis non*, as the order making the appointment and no other is appealed from.   Whether the real estate may hereafter be sold, etc., are questions not before us, and are neither considered nor determined.   When an order is made for their sale, if that shall be, these questions may be brought here for our consideration.

It is our opinion that the judgment of the circuit court overruling the motion of plaintiffs to vacate the order appointing the administrator *de bonis non* is correct ; it is therefore

Affirmed.