## MURPHEY, EXECUTOR, *v.* MURPHEY.

[No. 21,621.  Filed June 28, 1910.]

APPEAL.—*Parties.*—*Wills.*—*Executors.*—In an action for the construction of a will, where all interested persons, as well as the executor, who was also a legatee, were made parties, the executor, in his representative capacity, has no right of appeal.

From Henry Circuit Court; *Douglas Morris,* Special Judge.

Action by Katherine L. Murphey against William H. Murphey, as executor of the last will of George R. Murphey, deceased, and others.

From the judgment rendered, said executor appeals. *Appeal dismissed.*

*Henry U. Johnson* and *Barnard & Jeffrey,* for appellant. *Forkner & Forkner,* for appellee.

HADLEY, J.—This action was brought by the widow for a construction of the will of George R. Murphey, deceased. The executor, heirs, devisees and legatees were all made parties defendant. Issues involving adversary contentions were formed by the parties, and the cause submitted to the court for trial. There was a finding and judgment defining the rights of the several parties under the will. The widow and all other parties interested in the contents of the will

and the construction thereof were content with the interpretation placed upon it by the circuit court. Even the executor, who was a legatee under the will, as such legatee, found no fault with the judgment, and took no exception or appeal therefrom in his individual right.

The executor, in his representative capacity, is the only appealing party. What right he has to appeal is not apparent to the court. His duties as executor are wholly administrative, and as relating to the distribution of the estate it is his duty to make just such distribution as the will directs, under the guidance of the court. The will, as adjudicated by the circuit court and unappealed from by any party in interest, is no longer subject to question, and must be executed and the estate distributed in accordance with the court's mandate. This distribution is devolved upon the executor, and all beneficiaries being satisfied with the construction given the will by the court below, the executor clearly has no right to challenge it. It is none of his concern. If for any reason the judgment should be reversed at his request, his duty to carry out the will, as settled by the circuit court, would be none the less imperative.

All this illustrates the wisdom of the principle that an appealing party must make it appear that he has an interest in the subject-matter of the judgment appealed from. He has no right to appeal from a judgment that only affects the rights of others, when such others are parties to the judgment. *Poundstone* v. *Baldwin* (1869), 145 Ind. 139, 144.

It is our conclusion that appellant exhibits no appealable interest in the judgment, and the appeal is therefore dismissed.