STORER, ADMINISTRATOR, v. CARNEY ET AL.

[No. 10,460. Filed June 17, 1920.]

1. EXECUTORS AND ADMINISTRATORS.—*Final Settlement.*—*Omitted Assets.*—*Construction of Statute.*—While an estate may be opened under §2757 Burns 1914, Acts 1891 p. 107, for the purpose of administering omitted assets, the final settlement made by the former administrator stands as a final adjudication as to all other matters. p 418.

2. EXECUTORS AND ADMINISTRATORS.—*Appointment of Administrator de Bonis Non.*—*Construction of Statute.*—Section 2757 Burns 1914, Acts 1891 p. 107, does not extend the time for filing claims against the estate nor authorize the appointment of an administrator *de bonis non* to administer upon assets previously administered, its sole purpose being to reach assets not administered upon. p. 420.

3. EXECUTORS AND ADMINISTRATORS.—*Final Settlement.*—*Claim Barred by Statute.*—*Appointment of Administrator de Bonis Non.*—*Principal and Surety.*—A claim for contribution between sureties on a construction bond falls within the provisions of §2828 Burns 1914, Acts 1883 p. 153, requiring claims to be filed at least thirty days before final settlement, and, when not so filed, an administrator *de bonis non* cannot, after final settlement, be appointed for the purpose of considering such claim, even though there were unadministered assets of the estate. p. 420.

From Cass Circuit Court; *Charles A. Cole,* Special Judge.

Action by Calvin Carney and others. against Silas Storer, as administrator *de bonis non* with the will annexed of the estate of Robert M. Carney, deceased. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Long, Yarlott & Souder,* for appellant.

*Rabb, Mahoney & Fansler* and *John H. Cartwright,* for appellees.

McMAHAN, C. J.—Complaint by appellees to revoke letters of administration *de bonis non,* with will annexed, of the estate of Robert M. Carney, issued to appellant.

Appellant filed an answer in two paragraphs alleging in substance that in 1903 Robert M. Carney, Marcus W. Collett, Thomas Flinn and Silas Storer with others as sureties executed a certain bond, with Robert C. Hillis as principal, for the construction of a certain ditch. Hillis, having defaulted in his contract, the drainage commissioner, during the lifetime of Robert M. Carney, commenced suit on said bond against Hillis and the sureties thereon. Robert M. Carney died in November, 1909, testate, and in December, 1909, Lucy A. Carney qualified as executrix and as such was made a party defendant to said action. Said executrix filed her final

report in said estate in January, 1911, and caused notice of the filing of said report to be published and posted as required by law. This report was approved in February, 1911, and said estate was adjudged fully and finally settled as a solvent estate. Mrs. Carney and her codefendants in said action on said bond thereafter continued to consult with each other in reference to said suit and with the attorneys employed therein, and during said conferences she pretended to act as executrix of said estate, and agreed with the other defendants in making arrangements for, and in defending, said action. Such conferences took place at various times during the years 1911, 1912, 1913 and 1914, during which time she never gave any information to her codefendants or their attorneys of the filing and approval of said final report and of her discharge as executrix, and her codefendants during all of said years believed and understood that she was still acting as executrix of said estate, and did not discover or learn that she had filed her final report as executrix of said estate and that said estate had been declared finally settled until February or March, 1915.

The sureties on said bond in defending said action incurred expenses in the sum of $2,500. The principal on said bond, Robert C. Hillis, being insolvent, it was agreed by and between Marcus W. Collett, Silas Storer, Thomas Flynn, Michael A. Jordan and Robert M. Carney, they being the only solvent sureties, that all of the expenses in defending said action should be borne by them jointly in equal shares. No part of said expense owing by Robert M. Carney and his estate have been paid except $20, which Mrs. Carney paid after her discharge in 1911. In 1916 Marcus W. Collett, Thomas Flynn and Silas Storer filed their verified application asking that said Storer be appointed admin-

istrator *de bonis non,* with the will annexed, of the estate of Robert M. Carney, said application setting forth in substance the facts herein before stated, and that said Lucy Carney, executrix, by her final report showed that she had used all the personal property of said estate except $381.50 for the payment of the debts and expenses of administration, and that she paid to herself individually the $381.50 as legatee under the will of said decedent and had appropriated said money to her own use, and also that, at the time of his death, Robert M. Carney was the owner of eighty acres of land in Cass county, Indiana, which had never been sold or disposed of, and was still owned by appellees, who are the heirs of Robert M. Carney. Appellee's demurrer to this answer being sustained, appellant refused to plead further, and judgment was rendered revoking his letters of administration.

Appellant bases his right to such appointment on §2757 Burns 1914, Acts 1891 p. 107, which provides that whenever it shall be shown to the satisfaction of the court having probate jurisdiction that

1. the administrator or executor of the estate of any decedent has been finally discharged, and that there is no administration of said estate pending in any court of this state, and that there are assets belonging to the estate of said decedent, within the jurisdiction of the state, that have not been, and should be, administered upon, such court may on application of any creditor whose debt is unpaid appoint an administrator *de bonis non* for said estate. Appellants contend that, under the facts stated, he and his cosureties were creditors of Robert M. Carney, and that there were assets belonging to his estate which had not been, but should be, administered for the purpose of paying the share of the expenses incurred in defending the action on said bond, for which said Robert M. Carney and his estate were

liable, and that an administrator should be appointed for the purpose of keeping said estate alive so that it might be required to pay its proportionate share of any judgment that might be rendered against appellant and his cosureties in the action on said bond.

Prior to the taking effect of §2757, *supra,* the approval of the final settlement of an administrator was an adjudication, whether the administrator had turned into the estate all the personal estate belonging to it and all claims of every nature due to it, and such adjudication was final and conclusive unless appealed from or assailed for mistake or fraud within three years after the final settlement. The legislature by the passage of said section clearly intended to change the former rule so that an estate might have the benefit of assets omitted in the former administration, although there had been a previous final settlement. Under this section the former settlement stands and, without setting it aside, the estate may be opened for the purpose of administering omitted assets. As said by this court in *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, 63 N. E. 255: "The former settlement continues to be a final adjudication as to all matters except these omitted and unadministered assets." In an earlier case this court said: "By the passage of this act, it was doubtless intended to reach any assets, for the benefit of creditors, legatees, or heirs which had not been administered upon in the former administration." *Barnett* v. *Vanmeter* (1893), 7 Ind. App. 45, 33 N. E. 666. Under the former law a period of three years was allowed any person interested, in an estate to have the final settlement set aside upon a proper showing of illegality, fraud, or mistake in such settlement, or in the prior proceedings in the estate. Failing in this, the person was without remedy, unless he was an heir or legatee and the claim came to him through the estate.

Under §2757 a creditor, heir, or legatee upon proper showing, even after a lapse of three years, without attempting first to open the final settlement, may have an administrator *de bonis non* appointed for the purpose of collecting unadministered assets and applying the same to the payment of debts or legacies or for distribution to those entitled to receive the same. *Barnett* v. *Vanmeter, supra.*

But it is clear that this section does not undertake to extend the time within which a creditor may file his claim against an estate, or to authorize the ap-

2. pointment of an administrator *de bonis non* for the purpose of administering upon assets inventoried and administered upon by the first administrator. Its purpose is only to reach assets not administered upon.

Under §2828 Burns 1914, Acts 1883 p. 153, a creditor is allowed a year from the giving of notice by the executor or administrator of his appointment in

3. which to file his claim. While a claim may be filed after the expiration of the year if the estate remains unsettled, nevertheless it must in such a case under the provisions of this section be prosecuted solely at the cost of the claimant, and, if not filed at least thirty days before the final settlement of the estate, it is with certain exceptions barred. The claim of appellant and his cosureties, which they claim authorized the appointment of an administrator *de bonis non,* was not filed within the time fixed by this section, and is not of the class of claims excepted therefrom. Such claim was therefore barred. This being true, the court had no power or authority to appoint an administrator *de bonis non* for the purpose of collecting the same, even though there were unadministered assets of the estate. *Ditton* v. *Hart* (1911), 175 Ind. 585, 95 N. E. 119;

*Schrichte* v. *Stites* (1891), 127 Ind. 472, 26 N. E. 77, 1009.

As said by the court of appeals of New York in discussing a similar statute: "The design of the statute, requiring the publication for creditors to present their claims, evidently was to give notice to persons holding demands, so that the executor or administrator might ascertain the amount of the indebtedness existing against the estate, and liquidate the same. It was not intended that any claim should be excluded; and the fact that the debt was not then due, or that it was dependent upon a contingency, and hence was in a condition of uncertainty, so that it could not be made out, would not, we think, prevent the operation of the statute of limitations where there was a failure to bring the suit within the time required. The statutes relating to claims against deceased persons comprehend a general system in reference to such demands. * * * They embrace those which are due, as well as such as are contingent and likely to become due, or which by any possibility may be established; and no good reason is shown why a person who may, perhaps, become liable to pay money, as a cosurety with a deceased person, should not make out and present a claim for contribution, the same as any other claimant against the estate of such cosurety." *Cornes* v. *Wilkin* (1879), 79 N. Y. 129.

The estate of Robert M. Carney was administered in the circuit court of Cass county. The action against Hillis and his sureties on the bond was on change of venue sent to the Howard Circuit Court. If appellant and his cosureties desired to subject the estate of Robert M. Carney to the payment of their claim for contribution, they should have filed their claim against his estate before the filing of the final report by the executrix, as required by the statute. The facts alleged did not authorize the appointment of an administrator *de*

*bonis non.* There was no error in sustaining the demurrer to appellant's answer. The doctrine of estoppel urged by appellant is not applicable.

Judgment affirmed.