RICHCREEK *v.* RICHCREEK ET AL.

[No. 17,434.   Filed January 11, 1946.   Rehearing Denied
February 21, 1946.]

*Gerald W. Rybolt,* of Kokomo, and *Billings & Gillespie,* of Williamsport, for appellant.

*Michael L. Fansler,* of Indianapolis, *McCabe & McCabe,* of Williamsport, *Mann & Stifler,* of Danville, and *Lee Whitehall,* of Attica, for appellees.

ROYSE, P. J.—This action involves the construction of Item Six of the will of William C. Smith who died testate October 1, 1911. The questioned provision is as follows:

> "I devise to George Richcreek, husband of my niece Ollie Richcreek and to the said Ollie Richcreek to be held by them as joint tenants and to the survivor of them the following real estate in Warren County, Indiana: (Here follows description of the real estate here involved.) The said devisees to hold said real estate only during their life, or the life of the survivor of them, and at the termination of said life estate the fee in said real estate shall vest in the children of the said Ollie Richcreek and if there be no child or children of the said Ollie then surviving or their descendants then the fee in said real estate shall vest in my heirs at law pursuant to the laws of Indiana."

Ollie Richcreek had only one child, Goldie Julian, also known as Goldie Richcreek, who was born November 16, 1883, and who died July 8, 1934, leaving surviving her as her sole heir at law her mother Ollie Richcreek. Said Ollie Richcreek died intestate January 27, 1942 and left surviving her as her sole heir at law her husband, George W. Richcreek, who died testate December 31, 1942.

Appellant is the executor of the last will of the said

George W. Richcreek, deceased. Item Two of the will of appellant's decedent, provides as follows:

"I further will and direct that my Executor, hereinafter named, immediately after my death, shall sell all of my personal property, real property and belongings, of whatsoever kind, that I may own at the time of my death."

Pursuant to said provision appellant brought this action in the court below to sell the real estate referred to in Item Six of the will of William C. Smith.

The complaint, in substance, alleged the title to said property was in appellant's decedent because the title thereto vested in Goldie on the death of said Smith, and upon the death of Goldie the fee simple title descended to her mother, Ollie Richcreek, and upon her death it descended to appellant's decedent, George W. Richcreek. Appellant in his complaint named as defendants the legatees and devisees named in the last will and testament of said George W. Richcreek and all of the heirs at law of William C. Smith, who it was averred were claiming some right, title and interest in and to said real estate.

The heirs at law of said William C. Smith filed an answer and cross-complaint to appellant's complaint. In the cross-complaint they averred that they and the devisees and legatees of George W. Richcreek, deceased, were the owners as tenants in common of said real estate and asked that it be sold and the proceeds distributed according to the interests of the parties as adjudged by the court.

The trial court found for the appellee heirs of William C. Smith on their cross-complaint, and found that appellant's decedent was the owner of an undivided 6/45 interest in said real estate. The court further found that appellant was entitled to sell said 6/45 interest

pursuant to the terms of the will of said George W. Richcreek, deceased, and that a commissioner should be appointed to sell the real estate other than the part owned by appellant's decedent. Judgment was rendered accordingly.

From said judgment the appellant alone has appealed. The error assigned here is that the trial court erred in overruling appellant's motion for a new trial. In view of the conclusion we have reached, it is not necessary to consider the specifications in the motion for a new trial.

Certain of the appellees, heirs at law of William C. Smith, have filed their motion to dismiss this appeal on the grounds "That the sole appellant is 'Russell Richcreek, as Executor of the Last Will and Testament of George W. Richcreek, Deceased.' That the said appellant has no appealable interest in the subject-matter of the judgment sought to be appealed from, for the reason that all of the devisees and legatees under the will of George W. Richcreek, deceased, were parties to the record below and are bound by the judgment of the court below, which facts are disclosed by the will of George W. Richcreek, the complaint, the cross-complaint, and the answer to the cross-complaint."

As heretofore shown, all of the legatees and devisees under the will of George W. Richcreek, deceased, were parties to this action in the trial court. They and all of the parties who had any interest or concern in the construction of Item Six of the will of William C. Smith were satisfied and content with the interpretation placed upon this Clause by the trial court. Therefore we cannot understand what right the executor has to complain.

In the case of *Murphey, Executor* v. *Murphey* (1910), 174 Ind. 426, 92 N. E. 165, where an analogous question

was presented to our Supreme Court, that Court, through Judge Hadley, said:

"The executor, in his representative capacity, is the only appealing party. What right he has to appeal is not apparent to the court. His duties as an executor are wholly administrative, and as relating to the distribution of the estate it is his duty to make just such distribution as the will directs, under the guidance of the court. The will, as adjudicated by the circuit court and unappealed from by any party in interest, is no longer subject to question, and must be executed and the estate distributed in accordance with the court's mandate. This distribution is devolved upon the executor, and all beneficiaries being satisfied with the construction given the will by the court below, the executor clearly has no right to challenge it. It is none of his concern. If for any reason the judgment should be reversed at his request, his duty to carry out the will, as settled by the circuit court, would be none the less imperative."

To the same effect see also: *Case Executor* v. *Deal, et al.* (1911), 177 Ind. 288, 98 N. E. 56; *Hetzell* v. *Morrison, et al.* (1945), 115 Ind. App. 512, 60 N. E. (2d) 150.

The motion to dismiss must be sustained.

Appeal dismissed.

### ON PETITION FOR REHEARING.

ROYSE, P. J.—Appellant, in his petition for rehearing, earnestly contends our original opinion contravenes the well-established rule that an executor or administrator may appeal from an adverse judgment to sell real estate for the purpose of paying creditors. Our opinion does not so hold. Appellant's complaint as set out therein did not allege the facts required by the statute to give the trial court jurisdiction to order the sale of real estate for the payment of debts. *Custer, Admr.* v. *Beyer* (1921), 76 Ind. App. 303, 306,

130 N. E. 834; *Simms* v. *Gilmore, Exr.* (1922), 78 Ind. App. 244, 135 N. E. 183. Nor does the record show any evidence either that there were debts owing by the estate or that the personal property was insufficient to pay debts.

The cases of *Hildebrand* v. *Kinney, Administrator* (1909), 172 Ind. 447, 87 N. E. 832, and *Condo, Admr.* v. *Barbour, et al.* (1936), 101 Ind. App. 483, 200 N. E. 76, relied on by appellant were actions for the payment of debts and are therefore not applicable to this action.

The petition for rehearing is denied.

NOTE.—Reported in 64 N. E. (2d) 308.