NEWTON, ADMINISTRATRIX *v.* HUNT.

[No. 18,192. Filed February 5, 1952.]

148

*Edgar W. Atkinson* and *Hugh G. Sanders,* both of Auburn, for appellant.

*Hunt & Mountz,* of Fort Wayne, for appellee.

ACHOR, J.—This is an action filed by appellant, as administratrix *de bonis non,* to recover property held by the appellee, which property was claimed to be part of the assets of the estate of E. J. Wyatt, deceased.

The issues were raised by appellant's second amended complaint and appellee's demurrer filed thereto. The

demurrer was sustained, appellant refused to plead further, and judgment for appellee was entered accordingly.

The only error assigned is the sustaining of the demurrer.

The allegations of appellant's second amended complaint are as follows: That E. J. Wyatt died testate July 5, 1923. By the terms of his will he devised all his property to his wife, Jane Wyatt, for her life and that at her death it should be divided equally between his children, Ica Mae Newton, Franklin D. Wyatt and Myrtle Maxine Hunt, the appellee herein. The appellee was named executrix of the will, with "power to invest and reinvest all of the property owned by decedent if in her judgment she deemed it for the best interest of said estate."

Appellee, as such executrix, filed an inventory, paid all claims and filed her final report on June 1, 1925, by which final report she showed that she had "turned over, under the terms of the will, to the said Jane Wyatt all personal property as shown by the inventory." That thereafter the defendant and the said Jane Wyatt converted all the personal property of decedent's estate to cash, which was placed in various banks by them, and a part thereof was used to purchase Loan Association stock and a parcel of real estate, in which said Jane Wyatt held title for life, with the remainder in fee in the defendant.

Appellant alleged further that in addition to the personal property administered by the defendant as executrix certain sums totaling $1,687.03, which were assets of the estate of the testator, E. J. Wyatt, were paid by third persons directly to the said widow. The said Jane Wyatt died intestate in 1943. That thereafter the defendant (appellee) withdrew all money on deposit from said banks, cashed all of said stock in said

Loan Association, retained title to said real estate and has ever since refused to account therefor and has claimed both the money and the real estate "as her own individual property."

Appellant alleged finally that after the death of the said Jane Wyatt "all of which amounts" (including said sum of $1,687.03), which were the property of the estate and "subject to distribution under the terms of said will" were "converted to her own use by this defendant (appellee)."

Appellant prayed that appellee "be decreed to be holding the title to said real estate as trustee only for the benefit of the said Ica Mae Newton, Franklin D. Wyatt and Myrtle Maxine Hunt as tenants in common and that she (appellee) be required to account for all of the money of the estate of E. J. Wyatt and that she be ordered to pay the same to this administratrix."

Two issues were presented by appellee's demurrer. Appellee asserted first that the approval of the final report of the administratrix, as alleged in appellant's complaint, constituted a full and final adjudication of the rights and interests of the beneficiaries under the will; that no new or unadministered property of the estate is shown to exist; that, therefore, the property sought to be recovered belonged, at most, to the named beneficiaries under the will, and that an administratrix *de bonis non* had no authority to prosecute this action.

Appellee contends secondly that the cause or causes of action, if any, are barred under the statute of limitations both as against the appellee individually and as executrix.

The statute which authorizes the appointment of an administrator *de bonis non* provides in part as follows (§6-310, Burns' 1933):

"Whenever hereafter, it shall be shown to the satisfaction of any court of probate jurisdiction of

this state that the administrator or executor of the estate of any decedent has been finally discharged and that there is no administration of said estate pending in any court of this state, *and that there are assets belonging to the estate of said decedent within the jurisdiction of said state that have not been and should be administered,* then, upon application . . . of any person entitled to share in the distribution of said estate, such court may appoint an administrator de bonis non of said estate, . . ." (Our italics.)

It is well established that "An order or decree for final settlement of an estate possesses the elements of a final judgment. It is conclusive upon the interested persons until set aside by an appeal or a proceeding brought for that purpose." *Heitman, Rec.* v. *Scales* (1942), 111 Ind. App. 68, 80, 38 N. E. 2d 890; Henry's Probate Law & Practice, §367, p. 480, §6-1424, Burns' 1933.

The approval of the final report of the executrix of the estate of E. J. Wyatt, deceased, by which "she turned over, under the terms of the will to the said Jane Wyatt (the widow) all personal property as shown by the inventory," was a final adjudication as to the rights of the beneficiaries under the will to said property of the decedent. Said property was thereafter no longer an asset of the estate, but by said adjudication became vested in the respective beneficiaries according to the terms of said adjudication.

Therefore, as contended by appellee, the appellant, whose authority is strictly limited by statute, had no authority to recover for the estate that property which had already been fully administered. As contended further by appellee, any action to declare a trust and to recover property already administered but alleged to have been thereafter converted,

must be brought in the name of the beneficiaries who are the real parties in interest.

However, it is further alleged in appellant's complaint that "in addition to the money as above set out," for which inventory was filed and distribution made "under the terms of the will," that other monies totaling $1,687.03, which were assets of the estate, were paid directly to Jane Wyatt (the widow) and that at her death were claimed by the appellee "as her own individual property."

The law, as to the effect of the final settlement of the estate of E. J. Wyatt, deceased, upon this property of the estate withheld from the account, has been stated as follows (§367, p. 480, Henry's Probate Law and Practice):

". . . While the presumption is very strong that all the property of the estate has been accounted for, yet such final settlement and the decree of the court thereon is not conclusive as to property accidentally or fraudulently withheld from the account. *For a court can not bind the parties by deciding what was not before it.*" (Our italics.)

*Griffith* v. *Godey* (1885), 113 U. S. 89, 28 L. Ed. 934; *Crossan* v. *McCrary* (1873), 37 Iowa 684; *Smith* v. *Lambert* (1849), 30 Me. 137; *In re Soutter* (1887), 105 N. Y. 514, 12 N. E. 34. The law on this point has been concisely stated by this court, as follows:

"Prior to the taking effect of §2757, *supra* (§6-310, Burns' 1933), the approval of the final settlement of an administrator was an adjudication, whether the administrator had turned into the estate all the personal estate belonging to it and all claims of every nature due to it, and such adjudication was final and conclusive unless appealed from or assailed for mistake or fraud within three years after the final settlement. The legislature by the passage of said section clearly intended to change the former rule so that an estate might

have the benefit of assets omitted in the former administration, although there had been a previous final settlement. Under this section the former settlement stands and, without setting it aside, the estate may be opened for the purpose of administering omitted assets. As said by this court in *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, 63 N. E. 255: 'The former settlement continues to be a final adjudication as to all matters except these omitted and unadministered assets.' In an earlier case this court said: 'By the passage of this act, it was doubtless intended to reach any assets, for the benefit of creditors, legatees, or heirs which had not been administered upon in the former administration. . . .' " *Storer, Admr.* v. *Carney* (1920), 73 Ind. App. 415, p. 419, 127 N. E. 790.

Assuming that the allegations of appellant's complaint are true, there has been no administration as to said monies paid directly to the widow. It was not her money. Until there was an adjudication as to the rights of the beneficiaries of the will, it belonged to the estate of the decedent. In the language of the statute, they are ". . . assets belonging to the estate of said decedent (E. J. Wyatt) . . . that have not been and should be administered, . . ." §6-310, Burns' 1933. They are the proper subject for administration by an administrator *de bonis non,* as provided by the statute ". . . upon application . . . of any person entitled to share in the distribution . . ." §6-310, Burns' 1933, *supra.*

Appellee, as a second cause for demurrer, asserts that appellant's cause of action is barred by the statutes of limitation, both under §§6-1424, *supra,* and 2-601, Burns 1946 Replacement. Section 6-1424, *supra,* fixes a three year limitation on actions to set aside the final settlement of estates. We have hereinabove held that an administrator *de bonis non*

is without authority as to assets of the estate which have been fully administered. Therefore, the limitation of §6-1424, *supra,* is outside our present consideration. The remaining issue presented by appellee's demurrer is whether or not appellant's action as to said unadministered assets of the estate is barred by the general six year statute of limitations. §2-601, Burns' 1946 Replacement, *supra.* No cases are cited by appellee upon this issue and none have come to our attention which are directly in point. Therefore, our consideration of this issue must rest solely upon established principles of law as related to the particular facts before us. They are as follows:

(1) It is axiomatic that a statute of limitations first begins to run at the time the conduct of the defendant becomes actionably *adverse* to the interest of the plaintiff.

(2) Under the terms of the will, Jane Wyatt (the widow) was given the possession and use of the funds in controversy for her life. During her lifetime said Jane Wyatt retained joint possession and control of said property with appellee. Therefore, during the lifetime of the widow neither she nor the appellee were chargeable with conduct relative to the funds in controversy, which was openly adverse to the interests of the estate. During said period, while the widow retained possession of the property, she could be charged with no action adverse to either the estate nor the beneficiaries under the will which would start the running of the statute of limitations.

(3) The statute of limitations first began to run after the death of the widow, Jane Wyatt. The remaindermen were not entitled to any part of the estate until then. There were no ". . . assets belonging to the estate . . . that have not been and should be administered . . . upon application . . . of any person

entitled to share in the distribution . . ." (Burns' 1933, §6-310) until then. Furthermore, it was not until then that appellee "refused to account for the money—and claimed all the money as her own individual property." Jane Wyatt died September 21, 1943. This action was filed Sepember 12, 1946. We conclude, therefore, that the action is not barred by the statute of limitations.

It is further contended by appellee, in opposition to this appeal, that "there are no conflicting interests in the case as far as the administratrix *de bonis non* is concerned; that appellant, in her representative capacity, has no interest in the matter other than to collect the money and distribute the same according to the will of E. J. Wyatt, deceased."

Appellee also contends that an administratrix, who has no interest in a matter other than to collect money and make distribution thereof as ordered by the court, is not a real party in interest and has no appealable interest in the case. The following cases are cited as supporting appellee's position: *Messenger, Admx.* v. *Messenger et al.* (1938), 106 Ind. App. 127, 17 N. E. 2d 488; *Fink, Admr.* v. *Peden* (1938), 214 Ind. 584, 17 N. E. 2d 95; *Case* v. *Deal* (1912), 177 Ind. 288, 98 N. E. 56; *Murphey* v. *Murphey* (1910), 174 Ind. 426, 92 N. E. 165.

However, the above cases are distinguishable from the case before us. The *Messenger* and *Fink* cases, *supra,* involved actions for wrongful death. Such actions are special statutory proceedings, created expressly for the exclusive benefit of the decedent's next of kin. Money so received is not subject to the debts, taxes or costs of the estate. It is not an asset of the estate, subject to administration by an administrator *de bonis non.* Similar cases are not con-

trolling of the law in the case before us where there are assets of the estate which are unadministered.

The cases of *Case* and *Murphey, supra,* were suits for declaratory judgments, in which certain heirs asked for construction of a will. The executors were made incidental parties-defendants and alone appealed from the judgment of the court. In those cases the court merely held that the executor's sole duty was to make distribution *as ordered by the court,* and that, therefore, the executor had no appealable interest upon which to contest the judgment of the court as to the beneficial interests of the heirs.

The right of an administrator *de bonis non* to maintain an action to recover assets of the estate for distribution to the rightful beneficiaries seems to be clearly established in the case of *Storer, Admr.* v. *Carney, supra,* at page 420, as follows:

"Under §2757 (§6-310, Burns' 1933) a creditor, heir, or legatee upon proper showing, even after a lapse of three years, without attemping first to open the final settlement, may have an administrator *de bonis non* appointed *for the purpose of collecting unadministered assets and applying the same* to the payment of debts or legacies *or for distribution to those entitled to receive the same.*" (Our italics.)

The fact that the administrator *de bonis non* has authority to maintain an action to recover property for distribution to the proper beneficiaries is further supported by the case of *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, p. 122, 63 N. E. 255. In that case, with facts very similar to those in the case at bar, the court stated:

". . . We can not here inquire into the reasons presented when the appointment of the administrator *de bonis non* was made. It may be true that

there are no unpaid creditors of the estate, and that the purpose of the suit is to obtain possession of the stock in question *for the legatees*. But an administrator once appointed clearly has the right to bring suit to recover any property which may be properly administered as assets of the estate." (Our italics.)

In the case at bar the sum of $1,687.03 was not reported by the executrix, nor was there any adjudication by the court as to rights of the beneficiaries thereto. It remained an unadministered asset of the estate. Appellant's complaint alleged facts sufficient to constitute a cause of action to recover the sum of $1,687.03, which was the unadministered assets of the estate of E. J. Wyatt, deceased.

Judgment reversed, with instructions that the court below overrule appellee's demurrer.

Royse, J., dissents with opinion in which Bowen, C. J., concurs.

## DISSENTING OPINION

ROYSE, J.—I cannot agree with the majority opinion in this case. I agree with the following statement in the majority opinion:

"Therefore, as contended by appellee, the appellant, whose authority is strictly limited by statute, had no authority to recover for the estate that property which had already been fully administered. As contended further by appellee, any action to declare a trust and to recover property already administered but alleged to have been thereafter converted, must be brought in the name of the beneficiaries who are the real parties in interest."

In my opinion, the foregoing rule is the criterion which should govern our decision.

It is to be noted that the averment in the complaint which refers to the receipt of $1,687.50 by the widow of monies which were assets of the husband's estate, does not state whether the widow received such monies before or after the executor's final report was approved, etc. The complaint does allege that all of the debts, claims and charges against the estate were paid. And that all of the remaining personal property was turned over to the widow pursuant to the terms of the will.

Assuming as we must here that the allegations of the complaint are true, I do not believe they bring appellant within the provisions of §6-310, Burns' 1933 authorizing the appointment of an administrator *de bonis non.* It seems perfectly clear from the complaint that the testator intended that his widow, so long as she lived, could use all or any part of his estate. His children had only a contingent interest in his estate, that is, they were to share equally in any portion of such estate that might be left when the widow died.

It is clear from the complaint that the $1,687.50 of the assets from the testator's estate received directly by the widow belonged to her for life under the terms of the will. All claims and debts of every kind had been paid by the administrator. The estate of testator had been finally closed. Hence, this money and the personal property did not belong to the estate of the testator. Under the will the widow had the right to use all or any part so long as she lived. If there was anything left at her death it belonged equally to the children—not to the estate of the testator.

The case of *Storer, Admr.* v. *Carney* (1920), 73 Ind. App. 415, 419, 127 N. E. 790, and *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, 63 N. E. 255, relied upon in the majority opinion, are clearly distinguishable from the facts in this case.

In the Carney case, *supra,* this court sustained the action of the trial court in revoking the letters of administration *de bonis non* because they were issued in an attempt to deal with property that had been previously administered by the executor of testator's estate.

In the Michigan Trust Company case, *supra,* the widow who was executrix of her husband's will had both prior to and subsequent to his death, without his knowledge, taken property which was not inventoried, etc. in her accounting of that estate. Subsequently, she died testate in Michigan and her executor inventoried the property involved as an asset of her estate. The opinion in that case indicates there was a deliberate attempt by the executrix to conceal the property from the husband's estate to defeat his intent that at the death of the widow it should go to his children. That is an entirely different situation than the question before us in this case.

I cannot agree with the majority opinion that because the cases of *Messenger, Admx.* v. *Messenger et al.* (1938), 106 Ind. App. 127, 17 N. E. 2d 488, and *Fink, Admr.* v. *Peden* (1938), 214 Ind. 584, 17 N. E. 2d 95, involved cases under our wrongful death statute, the principle announced in those cases is not applicable here. In the recent case of *Pettibone et al.* v. *Moore* (1945), 223 Ind. 232, 59 N. E. 2d 114, our Supreme Court, speaking of the position of an administrator under the wrongful death statute, said:

"Although our courts have uniformly held the term 'personal representative' in this section of the statute means the general administrator of the decedent's estate, and that he is the only person authorized to bring such suit up until there has been a final settlement and the estate is closed, yet it has also been uniformly held by this court that in bringing such suit such administrator is not acting as an administrator but as a trustee for

those entitled to damages arising from such action." Citing authorities.

It seems to me, under the allegations of the complaint herein, that appellee was a voluntary or defacto trustee for the children of the testator.

Finally, I believe the principle enunciated in the cases of *Case* v. *Deal* (1912), 177 Ind. 288, 98 N. E. 56, and *Murphey* v. *Murphey* (1910), 174 Ind. 426, 92 N. E. 165, is controlling in this case. It is true they were suits for declaratory judgments for the construction of wills. In each case the executor alone appealed. In the Murphey case the Supreme Court, speaking through Judge Hadley, said:

"The executor, in his representative capacity, is the only appealing party. What right he has to appeal is not apparent to the court. His duties as executor are wholly administrative, and as relating to the distribution of the estate it is his duty to make just such distribution as the will directs under the guidance of the court. The will, as adjudicated by the circuit court and unappealed from by any party in interest, is no longer subject to question, and must be executed and the estate distributed in accordance with the court's mandate. This distribution is devolved upon the executor, and all beneficiaries being satisfied with the construction given the will by the. court below., the executor clearly has no right to challenge it. It is none of his concern. If for any reason the judgment should be reversed at his request, his duty to carry out the will, as settled by the circuit court, would be none the less imperative."

In this case only the appellant, in her representative capacity, has appealed the decision of the trial court. No one who has any beneficial interest in the husband's estate has questioned the action of the trial court. *Richcreek* v. *Richcreek et al.* (1946), 116 Ind. App. 422, 425, 426, 64 N. E. 2d 308.

For the foregoing reasons I believe the judgment should be affirmed or the appeal dismissed.

Bowen, C. J., concurs in this opinion.

NOTE.—Reported in 103 N. E. 2d 445.