DOROTHY MCGAHAN *v.* THE NATIONAL BANK OF LOGANSPORT,

ADM., ESTATE OF ALICE M. SCHARF, DECEASED.

[No. 1271A264. Filed April 19, 1972.]

*Miller, Tolbert, Hirshauer & Wildman,* of Logansport, for appellant.

*Ice Miller Donadio & Ryan,* of Indianapolis, *Charles K. Michael,* of Logansport, for appellee.

SHARP, J.—This action was commenced by the filing on the 29th day of January, 1971, of a Petition to Impose a Constructive Trust in the Matter of the Estate of Alice M. Scharf, deceased. Based upon the pleadings, the answers to interrogatories, the responses to requests for admissions, and an affidavit of an employee of the bank, the trial court determined that there was no genuine issue of material fact and granted summary judgment in favor of Appellee, The Logansport National Bank as administrator of the Estate of Alice M. Scharf (hereinafter the Bank) under Trial Rule 56. Appellant filed her motion to correct errors which was overruled and this appeal was duly perfected.

The pertinent facts underlying this controversy are that Plaintiff-Appellant is the sister of Fred L. Scharf, who died January 29, 1969, leaving a Will that was duly admitted to probate. On July 27, 1970, Fred's widow, Alice M. Scharf, died intestate. The Bank, which had also acted in the capacity of Fred L. Scharf's Executor and as the Court appointed Guardian of Alice, was appointed Administrator of Alice's estate. Plaintiff-Appellant had been named in Fred's Last Will and Testament as a residuary legatee of assets remaining upon the dissolution of a trust created for the care and maintenance of Alice M. Scharf and two specific bequests to Fred's two brothers. By the Last Will and Testament of Fred L. Scharf, his entire estate was devised to the Bank

as trustee for the care and maintenance of Alice, the residue, if any, passing to the Plaintiff-Appellant.

Due to an error on the part of the Executor of Fred's Estate (the Bank), certain properties in which Fred L. Scharf had a legal interest as tenant in common, were excluded from and not inventoried with Fred's estate and resulted in said estate having no probate assets after payment of expenses. The trust was therefore never established and these assets went directly to the guardian of Alice M. Scharf and were, at least partially exhausted in the care and maintenance of Alice during her remaining lifetime.

Fred L. Scharf's estate was closed and is not involved in this litigation, the Bank being named only in its capacity as Alice's personal representative. The Plaintiff-Appellant brought this action as an individual and in no other capacity.

The petition in this cause was filed in three legal paragraphs which will be treated separately because each contains a separate and distinct basis for the imposition of a trust. As to Paragraph I the essential theory is one of implied fraud due to mistake. The implied fraud alleged is that it was the desire and intent of both Fred and Alice Scharf that their property upon the death of both of them should descend and be distributed pursuant to the terms of the Will of Fred L. Scharf. That this intent was thwarted when the scrivener of Fred's Will failed to advise the Scharfs as to the steps necessary in regard to the ownership of their property so as to carry out said intent.

It should be noted that Plaintiff-Appellant has neither alleged actual fraud, constructive fraud or undue influence against a specific party, nor that the intent of Fred L. Scharf is not adequately contained in his Will. Quite the contrary, as Plaintiff-Appellant actually alleges that while Fred's Will, in fact, manifests his intention, the way in which his property was held precluded the intent from being realized. As to Alice M. Scharf, Plaintiff-Appellant is ask-

ing that the assets of her estate be held in trust for plaintiff solely in reliance on past verbal declarations of intent. Here the question is whether an oral declaration of intent is sufficient to vary the statutory method of descent and distribution of a person who dies intestate absent fraud or undue influence.

The intention of Fred L. Scharf is manifested in and by his Last Will and Testament, which was duly admitted to probate. The estate was opened, administered and finally closed. An order of final settlement of an estate possesses the elements of a final judgment and, as such, is conclusive on interested persons until set aside by an appeal or a proceeding brought for that purpose. *Heitman, Rec.* v. *Scales* (1941), 111 Ind. App. 68, 30 N. E. 2d 890. An appeal will lie from an order approving the final report and discharging the personal representative and such order cannot be collaterally attacked. *Manor* v. *Manor* (1943), 222 Ind. 374, 53 N. E. 2d 343. Since Plaintiff-Appellant has not attempted to set aside the final settlement and have the estate reopened pursuant to IC 1971, 29-1-1-22, Ind. Stat. Ann. § 6-122 (Burns 1953 Repl.) on the grounds of illegality, fraud or mistake, the Will of Fred L. Scharf remains the last and best manifestation of his intent and parol evidence cannot now be used to vary or contradict said intent. This is especially true in this case where the estate of Fred L. Scharf is not even a party to the proceedings.

In Plaintiff-Appellant's Paragraph I it is also alleged that Alice M. Scharf likewise intended Plaintiff-Appellant to have all her property at her death. Alice M. Scharf made no will manifesting such an intention, nor did she convey her interest in property to her husband so that it would pass by and through Fred L. Scharf's Will. We are thus confronted with an alleged verbal declaration of intent that was never acted upon. Alice M. Scharf died intestate and the assets of her estate will pass pursuant to the statutory scheme, regardless of her intent otherwise. We hold, as

a matter of law, that such intention is insufficient to support the imposition of a constructive trust on the assets of Alice M. Scharf.

As can readily be seen, the basic contention in the first paragraph of the petition is a mistake by the Scharfs as to the proper method of ownership of their property so as to effectuate an intent to leave the same to Plaintiff-Appellant. While we recognize that courts have broad equitable powers we do not believe that such a mistake, absent fraud or undue influence, is one that the courts may be cognizable of and grant relief pursuant to. We therefore, hold that as to Paragraph I there was no issue as to material facts and summary judgment was appropriate.

Paragraph III is based on Item VII of the Last Will and Testament of Fred L. Scharf which reads as follows:

> "I now own real estate on Linden Avenue in the City of Logansport, Cass County, Indiana, and said real estate is not to be sold unless the purchaser thereof be first approved by Mary Adell Weaver. We have been neighbors and in that location for some 55 years."

It is the contention that the above provision created an election which Alice M. Scharf failed to avail herself of and that she was therefore estopped to deny the ability of Fred L. Scharf to dispose of her property through his Will. But the case of *Young* v. *Biehl* (1906), 166 Ind. 359, 77 N. E. 406, 407, cited by Appellant, and upon which she relies, states as follows:

> "It must be made clear by the will beyond all reasonable doubt that the husband *intentionally assumed to dispose* of his wife's real estate before she can be held, by her election, to take under such will, to have bound herself to permit such property to pass under its operation." (our emphasis)

The rule in Indiana concerning such elections is that if a testator *disposes* of property not his own, gives a benefit

to the person to whom the property belongs, the devisee or legatee who elects to accept the benefits so given him must make good the testator's attempted disposition of such person's property. *Ragsdale* v. *Robinson* (1941), 219 Ind. 335, 38 N. E. 2d 570.

The basic requirement essential to the creation of an election is an intentional disposition of another's property and the same must be made clear beyond a reasonable doubt. Here there is no disposition of the property, rather there is an attempt by the testator to influence the disposition of the property should that event ever occur. To what election could Alice M. Scharf be put by such a provision? To create an election it would seem that the testator must dispose of the property to someone other than the person forced to make the election. Here the property is not disposed of to someone other than the person making the election nor, in fact, is the property even disposed of. Since there is no dispute as to the material fact, but only the legal consequences to be subscribed to said facts, summary judgment was again appropriate.

Finally we come to Paragraph II of said Petition wherein it is alleged:

"1. That she is the sister of Fred L. Scharf and the prime beneficiary under his Last Will and Testament, a copy of which is affixed hereto, which Will was administered in the Cass Circuit Court in the estate of Fred L. Scharf as Cause No. P69-21.

2. That she was notified on the opening of the estate of Fred L. Scharf when the same was opened and The National Bank of Logansport appointed as Executor on the 3rd day of February, 1969.

3. That she did not receive any notice or copy of the final report in the estate of Fred L. Scharf so that she had no opportunity to object to the proposed final report.

4. That on various occasions she had conferences with the attorney of record for the estate of Fred L. Scharf and was advised by him that she need not obtain her own counsel and that he would see to it that the terms of the Will of Fred L. Scharf were complied with and that upon the

death of Alice M. Scharf she would receive all the property of both Fred L. Scharf and Alice M. Scharf, whose intention had been expressed to her on numerous occasions by said decedents and was reaffirmed by the scrivener of the Will and the attorney of record for the estate of Fred L. Scharf.

5. That in truth and in fact she was unaware that the Executor of the estate of Fred L. Scharf took the position as represented in its inventory that the only assets in the estate of Fred L. Scharf was a total of $648.75. That she had always understood and been advised that there was approximately $80,000.00 in assets and that after the care and welfare of Alice M. Scharf had been attended to, the balance would be paid to her pursuant to the terms of the Last Will and Testament of Fred L. Scharf.

6. That among the assets listed in the estate of Fred L. Scharf as taken from the Indiana inheritance tax schedule was the following described property which was registered by 'Fred Scharf and Alice Scharf':

(here sets forth description of 1960 Rambler, Savings Account, U.S. Series E Bonds having a total appraised value of $58,196.76.)

That pursuant to the terms of Burns Indiana Statute 51-104, said property in truth and in fact was legally owned as tenants in common, Alice Scharf owning an undivided ½ interest as tenant-in-common and Fred L. Scharf owning an undivided ½ interest as tenant-in-common, and said property was not owned as asserted and represented by the Executor of the estate of Fred L. Scharf as joint property.

7. That in truth and in fact the estate of Fred L. Scharf should have consisted of the assets inventoried in his estate together with ½ of the assets above itemized, or an undivided interest represented by the amount of $29,598.38 plus the inventoried assets of $648.75 or a total gross estate, if properly accounted for in the estate of Fred L. Scharf, in the amount of $30,247.13, and that after allowing the deductions represented in the Indiana inheritance tax schedule of Fred L. Scharf of $4,169.97, the balance for distribution pursuant to the terms of the Last Will and Testament of Fred L. Scharf would have been, if properly accounted for, $26,077.16.

8. That in truth and in fact there was no trust set up or established as set forth in the Will of Fred L. Scharf. That since under a proper division of the assets of the two decedents and since Alice M. Scharf had sufficient as-

sets of her own for her care and custody, the balance in the estate of Fred L. Scharf should have remained in trust to be held by The National Bank of Logansport in case it was needed for the care of Alice M. Scharf. Since as events transpired it was not needed, the balance of $26,-077.16 should have been distributed pursuant to the terms of the Last Will and Testament of Fred L. Scharf.

9. That this court should upon a hearing of this petition find that the estate of Fred L. Scharf is legally the owner and entitled to the sum of $26,077.16, and should impose a trust upon this amount of money and order the same distributed pursuant to the terms of the Last Will and Testament of Fred L. Scharf and should withdraw said amount of money from the estate of Alice M. Scharf."

Although the above paragraph does not specifically refer to any sections of the probate code, we must look to the statutes to determine which, if any, are applicable. In this regard we note IC 1971, 29-1-17-14, Ind. Stat. Ann. § 7-1114 (Burns 1953), which reads as follows:

"Assets not administered.— (a) If, after an estate has been settled and the personal representative discharged, other property of the estate shall be discovered, or if it shall appear that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of the discharged personal representative or any person interested in the estate and, without notice or upon such notice as it may direct, may order that said estate be reopened. It may reappoint the personal representative or appoint another personal representative to administer such property or perform such act as may be deemed necessary. Unless the court shall otherwise order, the provisions of this code as to an original administration shall apply to the proceedings had in the reopened administration so far as may be, but no claim which is already barred can be asserted in the reopened administration.

(b) Whenever any solvent estate has been closed, and it thereafter appears that any assets thereof have not been fully administered upon, the court may, if it appears practicable, order such assets distributed to, or title vested in, the persons entitled thereto after compliance with requirements as to inheritance tax, in lieu of reopening the estate as provided in the preceding subsection. No additional no-

tice of such proceedings shall be necessary unless so ordered by the court."

We are of the opinion that Plaintiff-Appellant's Paragraph II is basically an attempt to recover unadministered assets of the estate of Fred L. Scharf, although the paragraph is somewhat broader in regard to the relief sought than that available under the above statute. Plaintiff-Appellant has alleged that there are assets which belonged to the estate of Fred L. Scharf and which remain unadministered and that a constructive trust in favor of Plaintiff-Appellant should be created in the amount of the original unadministered assets.

Prior to 1953 there was a definite procedural distinction in the manner available to a party in a proceeding to recover assets of a closed estate. If the assets had never passed through the estate then the party must have first been appointed Administrator de bonis non before prosecuting any action to recover the funds. *Newton, Admx.* v. *Hunt* (1951), 122 Ind. App. 146, 103 N. E. 2d 445. But where the assets have passed through the estate and the estate has been closed then the remainderman might sue in their individual capacity for conversion by the life tenant. As was said in *Hutchinson's Estate* v. *Arnt, Admx.* (1936), 210 Ind. 509, 4 N. E. 2d 202:

> "Emma Hutchinson took possession of the residue of the personal estate and held it in her own name. It is true that her account in the bank, of which her stepson-in-law was president, was continued in the name of the estate, but she wrote checks against the account in her own name. She transferred securities, and had them reissued in her own name, and held and dealt with all of the personal estate not as executrix, but in her individual capacity. Her responsibility for the preservation of the principal of the personal estate, if any, was to the remainderman, and not to the estate of her husband. Any right of action for conversion is in the remainderman. They are the real persons in interest."

Further, in *Newton, Admx.* v. *Hunt* (1951), 122 Ind. App. 146, 103 N. E. 2d 445, the rule was stated as follows:

"It is well established that 'An order or decree for final settlement of an estate possesses the elements of a final judgment. It is conclusive upon the interested persons until set aside by an appeal or a proceeding brought for that purpose.' Heitman, Rec. v. Scales (1942), 111 Ind. App. 68, 80, 38 N. E. 2d 890; Henry's Probate Law & Practice, § 367, p. 480; § 6-1424, Burns' 1933.

The approval of the final report of the executrix of the estate of E. J. Wyatt, deceased, by which 'she turned over, under the terms of the will to the said Jane Wyatt (the widow) all personal property as shown by the inventory,' was a final adjudication as to the rights of the beneficiaries under the will to said property of the decedent. Said property was thereafter no longer an asset of the estate, but by said adjudication became vested in the respective beneficiaries according to the terms of said adjudication.

Therefore, as contended by appellee, the appellant, whose authority is strictly limited by statute, had no authority to recover for the estate that property which had already been fully administered. As contended further by appellee, any action to declare a trust and to recover property already administered but alleged to have been thereafter converted, must be brought in the name of the beneficiaries who are the real parties in interest.

However, it is further alleged in appellant's complaint that 'in addition to the money as above set out,' for which inventory was filed and distribution made 'under the terms of the will,' that other monies totaling $1,687.03, which were assets of the estate, were paid directly to Jane Wyatt (the widow) and that at her death were claimed by the appellee 'as her own individual property.'

The law, as to the effect of the final settlement of the estate of E. J. Wyatt, deceased, upon this property of the estate withheld from the account, has been stated as follows (§ 367, p. 480, Henry's Probate Law and Practice) :

'. . . While the presumption is very strong that all the property of the estate has been accounted for, yet such final settlement and the decree of the court thereon is not conclusive as to property accidentally or fraudulently withheld from the account. For a court can not bind the parties by deciding what was not before it.' (Our italics.)

Griffith v. Godey (1885), 113 U. S. 89, 28 L. Ed. 934; Crossan v. McCrary (1873), 37 Iowa 684; Smith v. Lambert (1849), 30 Me. 137; In re Soutter (1887), 105 N. Y.

514, 12 N. E. 34. The law on this point has been concisely stated by this court, as follows:

'Prior to the taking effect of § 2757, supra (§ 6-310, Burns' 1933), the approval of the final settlement of an administrator was an adjudication, whether the administrator had turned into the estate all the personal estate belonging to it and all claims of every nature due to it, and such adjudication was final and conclusive unless appealed from or assailed for mistake or fraud within three years after the final settlement. The legislature by the passage of said section clearly intended to change the former rule so that an estate might have the benefit of assets omitted in the former administration, although there had been a previous final settlement. Under this section the former settlement stands and, without setting it aside, the estate may be opened for the purpose of administering omitted assets. As said by this court in Michigan Trust Co. v. Probasco (1902), 29 Ind. App. 109, 63 N. E. 255: " 'The former settlement continues to be a final adjudication as to all matters except these omitted and unadministered assets.' " In an earlier case this court said: " 'By the passage of this act, it was doubtless intended to reach any assets, for the benefit of creditors, legatees, or heirs which had not been administered upon in the former administration. . . ." Storer, Admr. v. Carney (1920), 73 Ind. App. 415, p. 419, 127 N. E. 790.

Assuming that the allegations of appellant's complaint are true, there has been no administration as to said monies paid directly to the widow. It was not her money. Until there was an adjudication as to the rights of the beneficiaries of the will, it belonged to the estate of the decedent. In the language of the statute, they are '. . . assets belonging to the estate of said decedent (E. J. Wyatt) . . . that have not been and should be administered, . . .' § 6-310, Burns' 1933. They are the proper subject for administration by an administrator de bonis non, as provided by the statute '. . . upon application . . . of any person entitled to share in the distribution . . .' Burns 1933, supra."

In Henry's Probate Law & Practice, 6th ed., Vol. 1, ch. 6, § 6, p. 135, it is stated:

"The term 'de bonis non' had a strict and limited meaning, and being strictly interpreted is 'of the goods not yet

administered.' At common law an administrator de bonis non succeeded to the rights which belonged to the first executor or administrator, and was entitled to recover such assets of the estate as remain unadministered in specie, and such of the debts due the decedent as remain unpaid. His authority does not extend to assets already administered.

Nor can an administrator de bonis non be appointed where the estate has been administered, unless assets or debts remain.

Administrators de bonis non, after the closing of the estate, may be appointed by the court on petition of any person interested in the estate, with or without notice, as the court directs. The discharged personal representative may be the administrator de bonis non.

*In such cases, however, the court is not compelled to re-open the estate and appoint an administrator de bonis non, but may make distribution of the assets after inheritance taxes are paid, without reopening the proceedings.*

At all events, the estate must be reopened and the final settlement set aside before the successor representative can be appointed.

After the appointment and qualification of an administrator de bonis non he is entitled to all the assets belonging to the estate whether they remain in specie or have been misappropriated or converted by the former administrator. If they remain in specie, the right to their possession vests at once in the administrator de bonis non and he may recover them from any one who detains them wrongfully." (footnotes omitted) (our emphasis)

The question then becomes whether under the present statute and the Rules of Civil Procedure, Plaintiff-Appellant was required to first petition the trial court for appointment as Administratrix de bonis non of the estate of Fred L. Scharf before proceeding to recover such assets of said estate that remained unadministered and still existed in specie. There are two alternative interpretations available to us. The first would be to construe the above statute so as to require a party, in the first instance, to always petition the lower court to reopen the estate and to appoint an administrator de bonis non and then leave it to the sound discretion of said court to so proceed or in lieu thereof, to order direct distribution

of the unadministered assets. The second alternative interpretation would leave the discretion to the party seeking to recover the unadministered assets and allow said party to make the determination as which of the two statutory avenues he wishes to pursue. It is only under the second interpretation that the plaintiff in this case would have stated a claim upon which relief could be granted.

We are compelled to adopt the first interpretation as the only tenable solution given the general overriding policy and purpose of the Probate Code, the same being to place ■ control over the administration of decedents' estates with courts of probate jurisdiction. To put in the hands of heirs or legatees the discretion as to whether an estate should be reopened and administrator de bonis non appointed or the assets distributed without the estate being reopened would be in violation of every principle embodied in the Probate Code affording protection to decedents and other heirs. The Probate Code establishes very strict standards as to when the opening of an estate may be dispensed with. First there is I.C. 1971, 29-2-1-1, Ind. Ann. Stat. § 6-151 (Burns 1953), which gives the circuit court exclusive jurisdiction in matters relating to probate. Probate may only be dispensed with if the requirement of certain sections are met. See I.C. 1971, 29-1-8-1, Ind. Ann. Stat. § 7-201 (Burns 1953), collection of small estates by widow or distributees and I.C. 1971, 29-1-8-4, Ind. Ann. Stat. § 7-204 (Burns 1953), Petition for no administration.

We, therefore, are compelled to hold that Plaintiff-Appellant was not the proper party to recover the unadministered assets of the estate of Fred L. Scharf. The statute clearly sets forth the procedural steps pursuant to which unadministered assets may be recovered. There being no issue as to a material fact in this regard and since Plaintiff-Appellant failed to avail herself of the statutory procedure, summary judgment was appropriate. By this opinion we in no way mean to infer that Plaintiff-Appellant is hereafter precluded

from seeking said assets in the proper manner, but only that she is not the proper party in this action.

The judgment should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 281 N. E. 2d 522.